317 P.2d 942

Carl E. ELDRIDGE, dba Glendale Metal Products Co., Appellant,

v.

J. A. JAGGER, Appellee.

No. 6422.

Supreme Court of Arizona.

Nov. 19, 1957.

George Welch, Jr., Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, and William T. Birmingham, Phoenix, for appellee.

JOHNSON, Justice.

This is an appeal by plaintiff-appellant Carl E. Eldridge, dba Glendale Metal Products Co., from an order vacating the judgment and setting aside the default entered against the defendant-appellee J. A. Jagger.

The process server, James Cooper, executed an affidavit of return of service stating he had served the defendant, Jagger, in person, on March 21, 1956, at 8:45 P.M. At the hearing on the motion to vacate the default judgment the only two witnesses to testify were the process server and the defendant Jagger.

The testimony of the process server was substantially as follows: that on March 21, 1956, he went to defendant's home address on West Rose Lane. He had misread the address on the complaint and stopped at a house in the 500's or 400's on Rose Lane and inquired as to the home of defendant. It was the home of a Dr. Lehman and he used the phone book to check the address of defendant. He then went to defendant's home which was a block away. He knocked on the door, a boy answered whom he presumed to be defendant's son, and asked for Mr. Jagger. A man appeared in a robe and he asked him if he was Mr. Jagger, who responded that he was. He then served him with the complaint and summons and told him he was to answer. He identified and pointed out the defendant in open court as the person he had served.

The defendant Jagger filed an affidavit in support of the motion, stating in part that he was under the belief and yet believes that he was never served with summons; that had he been served with summons he would have immediately retained legal counsel to represent him as he had a valid and substantial defense.

The testimony of defendant at the hearing on the motion was substantially as follows: that he has resided at 550 West Rose Lane for a little over four years. He did not know and had not met the process server. He did not recall ever having been served with summons. He never wore a robe at home. He was first advised of the judgment by a title company. He immediately retained counsel and searched his home to possibly locate summons. He had his attorneys search their office to locate summons. The summons was not found. He also testified to facts which he deemed constituted a meritorious defense to the action.

Plaintiff-appellant assigns as error the order of the trial court vacating the judg-

152

ment and setting aside the default for lack of service of process for the reason that there is no evidence of lack of service of process to support such ruling.

◼ This court is often confronted with the proposition of law of whether the trial court in its consideration of the evidence before it has abused its discretion. It is a well-established rule of law that the return of service of process can be impeached only by clear and convincing evidence. The affidavit filed by defendant in support of the motion to vacate the default judgment stated he was under the belief and yet believes he was never served with summons. We held in Security Trust & Savings Bank v. Moseley, 27 Ariz. 562, 234 P. 828, that such language is utterly insufficient to cause the return to be set aside, or to attack its verity. However, at the hearing before the trial judge the following questions and answers of defendant appear from the record:

"Q. Do you know a man by the name of James Cooper? A. No, sir, I don't.

"Q. This man that was just on the witness stand, do you recall ever having seen him before? A. No, sir, I don't.

"Q. Do you recall ever having been served with a summons and complaint in the matter entitled Carl E. Eldridge, dba Glendale Metal Products Company versus Bimbo's Drive-Inn of Scottsdale, and J. A. Jagger? A. No, sir.

"Q. Mr. Jagger, you heard Mr. Cooper's statement that you were in your robe at the time you were served; do you ever wear a robe at home? A. No, sir."

◼ The questions propounded to the witness were indecisive in form as they did not present to the witness the direct question of admitting or denying the service of summons. However, the trial judge, in hearing the testimony and in observing the demeanor and manner of the witnesses in testifying as to conflicting facts, concluded that the defendant Jagger had not been served with summons and should be given an opportunity to litigate a disputed obligation. We have repeatedly held an application to open, vacate or set aside a judgment is within the sound discretion of the trial court and its action will not be disturbed by this court except for a clear abuse of discretion. Brown v. Beck, 64 Ariz. 299, 169 P.2d 855; Thomas v. Goettl Bros. Metal Products, 76 Ariz. 54, 258 P.2d 816.

In an opinion rendered November 12, 1957, Sturgis v. Tongeland, 317 P.2d 941, we reaffirmed the general rule set forth in Anderson v. Artesia Inv. Co., 66 Ariz. 335, 188 P.2d 455, that where the evidence is in conflict we will not substitute our opinion thereof for that of the trial court;

the evidence will be taken in the strongest manner in favor of the appellee and in support of the court's finding; and the judgment will not be disturbed when there is any reasonable evidence to support it.

We find no abuse of discretion by the trial court and its decision based on conflicting evidence should not be disturbed by this court on appeal.

Judgment affirmed.

UDALL, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.