406 P.2d 845

**Blanche TONELSON, Appellant,**
**v.**
**Ronald S. HAINES, Appellee.\***
**No. I CA–CIV 6I.**

Court of Appeals of Arizona.
Oct. 28, 1965.
Rehearing Denied Nov. 12, 1965.
Review Denied Dec. 1, 1965.

Burton M. Bentley, Phoenix, for appellant.

Rawlins, Ellis, Burrus & Kiewit, by William H. Burrus, Phoenix, for appellee.

MOLLOY, Judge.

This is an appeal from a judgment of the lower court setting aside a default and a default judgment on the grounds that there was no valid service upon the defendant.

The suit is one for malpractice against a surgeon. Service was attempted by a process server on the evening of February 6, 1962, at the defendant's home.

---

\* This appeal was filed with the Arizona Supreme Court and assigned that court's No. 7968. The matter was referred to this court pursuant to A.R.S. § 12–120.23.

The process server testified that he went to the door and was greeted by the defendant's wife. When she was informed of the purpose of the visit, according to the process server, he was informed that the defendant was not home "to you." The process server testified that: as the door was being abruptly closed in his face, he stated in a normal tone of voice, "Lady, you have been served;" that he left the summons and complaint between the wooden door and the screen door of the home; and that thereafter he went on his way without noticing where the papers lay. He subsequently filed an affidavit of service in the action, indicating that service had been effectuated by " * * * leaving a copy of the summons and complaint with defendant's wife."

The applicable rule of procedure pertaining to this service is Rule 4(d) Rules of Civil Procedure, 16 A.R.S., the pertinent portions of which read as follows:·

"Service shall be made as follows:
"1. Upon an individual * * * by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein * * *."

Default judgment was taken on May 10, 1962, in the sum of $35,000.00. No effort was made to execute in pursuance of the judgment until more than six months thereafter. At the time of oral argument in this court, plaintiff's counsel stated that the reason for failing to take out any execution on the judgment within six months was so that there would be no opportunity for the defendants to file a motion in pursuance of Rule 60(c) for mistake or excusable neglect.

At the time of the hearing before the trial court on the motion to set aside default and default judgment, the defendant's wife testified to a substantially different version of the occasion in question than that given by the process server. She denied that he had told her he had a summons and complaint for her husband and denied that he had ever attempted to hand to her a summons and complaint. According to her, a strange man had come to the door on the evening in question and had asked for her husband. Her husband, who had been in surgery until 1 a. m. the night before that morning, and again until 6:40 p. m. in the evening in question, declined to see the stranger and she so informed him. She shut the door without ever hearing that service was being attempted and without ever knowing about the summons and complaint being left at the doorstep. The defendant and his wife both testified that the first they knew of the lawsuit in question was when a demand was made six months after the taking of judgment that the same be paid. They testified that there had been no previous demands from the plaintiff and no threats of a lawsuit.

After hearing the evidence, the trial court found as follows:

"There is no dispute in the evidence in relation to the fact that the defendant was at his home at the time in question; as to the fact that Mr. Estein called at the defendant's home at the time in question; as to the fact that Mrs. Haines was then a member of the family of the defendant and that the same Mrs. Haines answered the door; and that the copy of the complaint and summons were not physically placed in the possession of Mrs. Haines at the time in question. The court need not decide the law point as to whether or not the leaving of a copy of the complaint and summons on the premises and in the vicinity of an individual following that individual's refusal to accept the same constitutes good service.

"The purpose of the visit of Mr. Estein was not presented to Mrs. Haines in such manner that she heard and understood the fact that Mr. Estein was there for the purpose of serving process upon the defendant. This being so, the fact of leaving the same between the screen door and the front

door does not constitute service. There was no intentional act on the part of Mrs. Haines designed to knowingly attempt to defeat the service of process."

On appeal, the contention is made that the undisputed facts constitute service as a matter of law and that the trial court neither had discretion, nor abused its discretion, in setting aside the default and default judgment.

In Eldridge v. Jagger, 83 Ariz. 150, 317 P.2d 942 (1957), our Supreme Court said:

"It is a well-established rule of law that the return of service of process can be impeached only by clear and convincing evidence." 83 Ariz. 150, 152, 317 P.2d 942, 943.

In this same case, however, the court also said:

"However, the trial judge, in hearing the testimony and in observing the demeanor and manner of the witnesses in testifying as to conflicting facts, concluded that the defendant Jagger had not been served with summons and should be given an opportunity to litigate a disputed obligation. We have repeatedly held an application to open, vacate or set aside a judgment is within the sound discretion of the trial court and its action will not be disturbed by this court except for a clear abuse of discretion." 83 Ariz. 150, 152, 317 P.2d 942, 944.

 We hold that in order for there to be a " * * * leaving * * * with * * * " a person a copy of the summons and complaint, as required by Rule 4(d), supra, such person must be aware of the "leaving." We have not been cited a decision directly in point. Generally, when personal service is attempted, the person served must be apprised in some substantial form that service is intended to be made. 72 C.J.S. Process § 34 a, p. 1041. We hold there is included in the phrase " * * * leaving

* * * with * * * " the connotation that the person "with" whom the papers are left must have knowledge that the papers are so left. Otherwise service might be accomplished by surreptitiously placing papers in a person's pocket, or by other means not likely to bring about actual notice.

▌▌ In this case the evidence is "clear" that Mrs. Haines did not have any knowledge of the leaving of this summons with her. Whether it is "convincing" we feel should be left up to the trial court under the Jagger decision. It was the trial court's function, and not ours, to judge the credibility of the witnesses and we hold that we are bound by its decision in this regard.

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concurring.

NOTE: This cause was decided by the Judges of Division Two as authorized by § 12–120, subsec. E.