410 P.2d 149

Keith RIGGS, Appellant,

v.

HUACHUCA INVESTMENT COMPANY, Appellee.*

No. 2 CA-CIV 58.

Court of Appeals of Arizona.

Jan. 25, 1966.

**528**

·· Standage & Allen, by Gove L. Allen, Mesa, for appellant.

Hirsch, Van Slyke, Richter & Ollason, by Clague Van Slyke, Tucson, for appellee.

GORDON FARLEY, Superior Court Judge.·

··This is an appeal from an order setting aside a default judgment in garnishment against the appellee, Huachuca Investment Company.

The appellant had obtained a judgment against Rincon Builders and Developers, Inc., in May of 1962, and on July 27, 1962, obtained a writ of garnishment directed against the appellee, Huachuca Investment Company, and also against Nedmar Construction Company. Fred M. Busby was served as President of Nedmar Construction Company and promptly made a return of service indicating that Nedmar Construction Company was not indebted to Rincon Builders and Developers. The Deputy Sheriff's return on the summons against Huachuca Investment Company indicates that service of summons was had on the appellee, Huachuca Investment Company, at the same time service was had on Nedmar Construction Company by serving Mr. Busby who was President of both companies, but no answer to the writ of garnishment was filed by the appellee, Huachuca Investment Company.

Default judgment against the appellee, Huachuca Investment Company, was entered on September 10, 1962, in the amount of $4,197.37 and notice thereof was mailed to the appellee by the Clerk of the Court. Shortly thereafter the appellee, Huachuca Investment Company, moved to set aside the default judgment for lack of service of the writ of garnishment. The motion was resisted by the appellant who filed in support thereof a supplemental affidavit of the Deputy Sheriff that service of both writs had been made upon Mr. Busby.

Thereafter the matter was argued to the Court and on January 10, 1963, the motion to set aside the default judgment was granted. From the order setting aside the default judgment the appellant has appealed on the ground that the Trial Court abused its discretion in setting aside the default judgment for the reason that no positive or affirmative evidence was presented which showed or tended to show that the return of service by the Deputy Sheriff was false.

The appellee contends that the order setting aside the default was supported by sufficient evidence, but that even if the Trial Court erred or abused its discretion in setting aside the default, such order is not an appealable order.

The question of whether the order setting aside default judgment is appealable has been resolved by the case of Bateman v. McDonald, 94 Ariz. 327, 385 P. 2d 208 (1963), contrary to the appellee's contention, so that the sole issue to be resolved is whether or not the evidence was sufficient to support the Court's order setting aside the default.

Mr. Busby as President of Huachuca Investment Company filed an affidavit that he was not served with the writ of garnishment on July 30, 1962, or at any other time, although he was served however with a writ of garnishment on July 30, 1962, directed to Nedmar Construction Company to which an answer was filed, and had he been served for Huachuca Investment Company an answer would have been filed on

its behalf, as it was not indebted to Rincon Builders and Developers, Inc. at the time the writ was alleged to have been served or at the time of filing his affidavit.

The appellant contends that the mere denial of service by Mr. Busby in his affidavit is insufficient to overturn the presumption in favor of the officer's return. Standing alone that position is a correct statement of the law which requires proof of a clear and convincing nature to overturn the presumption of service. However, the denial of service coupled with the fact that answer was promptly made by Mr. Busby on behalf of the other corporation of which he was also president, presented to the Court an inference of such clear and convincing nature that it would sustain a finding that service was not had on Huachuca Investment Company.

It needs no great amount of reasoning to conclude that a person served on behalf of a garnishee who is not in fact indebted to the defendant would sit idly by and let judgment by default be entered against the garnishee in a sum in excess of $4,000.00, while at the same time promptly filing an answer in a companion proceeding. That fact alone is very conclusive on the question of whether or not service was had and provided the Court with the necessary inference to corroborate the affidavit of the garnishee that it was in fact not served.

The Supreme Court of Arizona has repeatedly held that an application to open, vacate or set aside a judgment is within the sound discretion of the Trial Court and its action will not be disturbed except for a clear abuse of discretion. Eldridge v. Jagger, 83 Ariz. 150, 317 P.2d 942 (1957); Prell v. Amado, 2 Ariz.App. 35, 406 P.2d 237 (1965).

It has been said on many occasions that the general policy of the law is to favor the resolution of disputes on the merits of the controversy rather than by default and we feel that equitable principles particularly require the application of that policy to garnishment proceedings.

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concurring.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge GORDON FARLEY was called to sit in his stead and participate in the determination of this decision.