669 P.2d 1021

**Kathryn J. FRENCH, Plaintiff-Appellant,**

v.

**Tony ANGELIC, Defendant-Appellee.**

**No. 1 CA–CIV 6294.**

Court of Appeals of Arizona,
Division 1, Department C.

June 21, 1983.

Rehearing Denied Aug. 3, 1983.

Review Denied Sept. 27, 1983.

Eldridge & Van Wagner by Albert E. Van Wagner, Jr., Phoenix, for plaintiff-appellant.

Plotkin & Calvin, P.C. by Dain K. Calvin, Phoenix, for defendant-appellee.

## OPINION

BROOKS, Judge.

In this appeal, we must decide whether the trial court abused its discretion in setting aside a default judgment. We hold that the trial court did not abuse its discretion and therefore affirm. The facts are as follows.

On May 4, 1979, appellant, Kathryn J. French (French), filed a complaint against appellee, Tony Angelic (Angelic), for false imprisonment, assault, battery, and intentional infliction of emotional distress. Various attempts were made to serve this complaint upon Angelic, but apparently French encountered difficulties in effectuating service. On June 20, 1980, Fordham Tucker filed an affidavit stating that he had been appointed to serve process pursuant to Rule 4(c), Arizona Rules of Civil Procedure (hereinafter cited as Rule), and that "on May 29, 1980, he served a copy of the foregoing Summons and Complaint on Anthony Angelic, by leaving said copy at 5221 North 24th Street, # 101, Phoenix, Arizona, with Sandra Turner, a person of suitable age and discretion then residing therein. . . ." Mr. Tucker further stated in his affidavit that the mailbox for unit 101 at 5221 North 24th Street had listed upon it two names, to wit: Sandra Turner and Anthony Angelic.

Subsequently, a default was entered against Angelic and on September 3, 1980,

judgment was entered in favor of French in the amount of $150,092.61. On August 27, 1981, Angelic moved to set aside the default judgment,[1] alleging ineffective service of process. A hearing was held and on September 22, 1981, the court set aside the default judgment, holding that:

> The service of process was ineffective because it was not delivered to Defendant personally and was not served at the then dwelling house or usual place of abode of Defendant.

This appeal followed.

French argues that while Angelic admittedly was not personally served, proper service was nevertheless accomplished by leaving a copy of the summons and complaint at Angelic's "dwelling house or usual place of abode". See Rule 4(d)(1).[2] French contends, therefore, that the trial court abused its discretion in setting aside the default judgment.

In reaching a determination on this matter, we adhere to long established principles that it is a highly desirable legal objective that cases be decided on their merits and that any doubts should be resolved in favor of the party seeking to set aside a default judgment. *Union Oil Co. v. Hudson Oil Co.,* 131 Ariz. 285, 288, 640 P.2d 847, 850 (1982); *Walker v. Kendig,* 107 Ariz. 510, 513, 489 P.2d 849, 852 (1971); *Camacho v. Gardner,* 104 Ariz. 555, 560, 456 P.2d 925, 930 (1969); *Rogers v. Tapo,* 72 Ariz. 53, 57, 230 P.2d 522, 525–26 (1951). These are matters resting entirely within the trial court's discretion and its action will not be overturned by this court unless a clear abuse of discretion is shown. *Union Oil Co. v. Hud-*

---

1. The impetus for Angelic's motion in August of 1981 was a scheduled sheriff's sale of the property located at 5221 North 24th Street, Phoenix, Arizona, # 101. Angelic apparently received notice of the sale.

2. Rule 4(d)(1) provides as follows:
   4(d) Summons; service; minors; nonresident minors. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

1. Upon an individual other than those specified in paragraphs 2, 3, 4, and 5 of this subdivision of this Rule, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

son Oil Co., 131 Ariz. at 288, 640 P.2d at 850; Staffco, Inc. v. Maricopa Trading Co., 122 Ariz. 353, 356, 595 P.2d 31, 34 (1979); De Honey v. Hernandez, 122 Ariz. 367, 371, 595 P.2d 159, 163 (1979); Walker v. Kendig, 107 Ariz. at 513, 489 P.2d at 852; Camacho v. Gardner, 104 Ariz. at 559, 456 P.2d at 929.

■ In this case, Angelic moved to set aside the default judgment pursuant to Rule 60(c)(4) which provides that a court may relieve a party from a final judgment, order or proceeding if the judgment is void. Ineffective service of process would render the default judgment obtained on September 3, 1980 void, see Wells v. Valley National Bank, 109 Ariz. 345, 346–347, 509 P.2d 615, 616–17 (1973); Marquez v. Rapid Harvest Co., 99 Ariz. 363, 365, 409 P.2d 285, 287 (1965); thus, the question is whether service in this case was effective.

■ French claims that the service made upon Sandra Turner on May 29, 1980, was made at Angelic's "dwelling house or usual place of abode." See Rule 4(d)(1). In evaluating this claim, we note that decisions interpreting the phrase "dwelling house or usual place of abode" indicate that no hard and fast definition can be laid down, 2 Moore's Federal Practice ¶ 4.11[2] at 4–118 (1982); cf. Blackhawk Heating and Plumbing Co. v. Turner, 50 F.R.D. 144 (D.Ariz. 1970) (court notes that meaningful definitions of the phrase "usual place of abode" are few); hence, whether a particular location is a person's "dwelling house or usual place of abode" is to be determined from the facts in each particular case. Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963); Capitol Life Insurance Co. v. Rosen, 69 F.R.D. 83, 88 (E.D.Pa.1975). In this case, French cites the following evidence to support her position that 5221 North 24th Street, Phoenix, Arizona # 101, was Angelic's dwelling place or usual place of abode on May 29, 1980:

1. Angelic, by his own admission, had lived at the address in question at some point in time prior to May 29, 1980.

2. Angelic conveyed his ownership of the residence in question on May 2, 1979, to his parents, which conveyance was recorded a day later.[3]

3. Sandra Turner informed Fordham Tucker at the time of service on May 29, 1980, that she knew Angelic and would deliver the summons and complaint to him.

4. Angelic's name was on the mailbox at the address in question on May 29, 1980, along with Sandra Turner's name.

5. A copy of certain Arizona motor vehicle records indicated that Anthony Angelic had registered his car in November of 1980 and had listed 5221 North 24th Street, # 101, as his mailing address.

6. A copy of other Arizona motor vehicle records indicated that Anthony Angelic had been issued a driver's license on July 15, 1980, which license listed his address as 5221 North 24th Street, # 101.

However, while the above described evidence arguably supports French's contention that Angelic was residing at 5221 North 24th Street, Unit 101, at the time of the service of process, Angelic points to the following evidence in support of his position that this residence was not his dwelling house or usual place of abode on May 29, 1980:

1. Sandra Turner, in her affidavit, stated that she continuously resided at the address in question from April 1, 1980 until October 1980, and that between those dates and particularly on May 29, 1980, Angelic did not reside there;

2. Angelic, in his affidavit, stated that on March 24, 1980, he moved from the address in question to the state of New York, where he has been continuously residing;

3. Attached to Angelic's affidavit and incorporated therein are copies of car re-

---

3. Normally, evidence of a conveyance prior to the date of service by the person allegedly served would be useful only to buttress a position that service was ineffective. However, here, French maintains that the conveyance by Angelic was fraudulent and that Angelic owned the unit in question both prior to and after the alleged transfer of ownership.

pair bills which indicate that work was done on his car in New York during the months of April, June, July, August, and September of 1980;

4. Angelic, in his affidavit, stated that the residence in question had been transferred to his parents in May of 1979.

5. Angelic, in his affidavit, further stated that he did not recall whether he removed his name from the mailbox at the time that he left the residence in question in March of 1980.

■ In our opinion, this evidence provided the trial court with a sufficient basis upon which to find that 5221 North 24th Street, Phoenix, Arizona # 101, was not Angelic's dwelling place or usual place of abode on May 29, 1980. *Cf. Hysell v. Murray,* 28 F.R.D. 584 (S.D.Iowa 1961) (service upon resident lessee in Iowa insufficient to confer jurisdiction over owner of residence who lived on a military base in South Carolina); *Household Finance Corp. v. McDevitt,* 84 N.M. 465, 505 P.2d 60 (1973) (wife who had moved away prior to service from home where husband lived, was not properly served when service was made upon husband at husband's address).

Since compliance with the requirements of Rule 4(d)(1) is a prerequisite for effective service pursuant to that rule, we find that the trial court properly set aside the default judgment after having found that service of process was not made at Angelic's dwelling house or usual place of abode.

Affirmed.

JACOBSON and OGG, J., concur.