NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WASHINGTON STREET ENTERPRISES ARIZONA, L.L.C., an Arizona
limited liability company, *Plaintiff/Appellee*,

*v.*

LARRY PELLERITO, *Defendant/Appellant*.

No. 1 CA-CV 13-0327
FILED 07-10-2014

Appeal from the Superior Court in Maricopa County
No. CV2009-054888
The Honorable John R. Doody, Judge Pro Tempore

**AFFIRMED IN PART, VACATED IN PART**

COUNSEL

Curtis Ensign, PLLC, Phoenix
By Curtis Ensign
*Counsel for Defendant/Appellant*

Sanford J. Germaine, P.C., Phoenix
By Sanford J. Germain

Melinda K. Cekander PLLC, Flagstaff
By Melinda K. Cekander
*Co-Counsel for Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Chief Judge Diane M. Johnsen and Judge Patricia K. Norris joined.

---

**P O R T L E Y,** Judge:

**¶1**    Larry Pellerito ("Pellerito") appeals the denial of his motion to set aside the default judgment, the denial of his motion for new trial, and the award of attorneys' fees to Washington Street Enterprises Arizona, L.L.C. ("Washington Street"). Because we find that service of process was completed by substituted service, we affirm the rulings of the trial court, but vacate the award of fees to Washington Street and vacate the judgment against Jane Doe Pellerito.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**    Washington Street filed a complaint against Pellerito and Jane Doe Pellerito in November 2009 for breaching the commercial lease he had entered into with its predecessor-in-interest, Presson Equity Partners, L.L.P. The day after the complaint was filed, a process server went to a house on East Carolina Drive and spoke to a woman who came out onto the second-floor balcony. She said that she was not Mrs. Pellerito, admitted that Pellerito lived at the address, but would not accept substitute service. The process server left a copy of the documents at the front door, and told her that "she was served and the documents were at her front door in an area of her direct control."

**¶3**    Pellerito did not file an answer or other responsive pleading. Washington Street filed an affidavit of default and application for default, and mailed the two documents to Pellerito at the East Carolina address. He did not respond, and a default judgment was entered against him and Jane Doe Pellerito in February 2010.[1]

---

[1] There is no dispute that Pellerito was single at the time the process server left the documents at the doorstep. Accordingly, we vacate the judgment against Jane Doe Pellerito.

¶4        Washington Street then attempted to collect the judgment. In December 2012, Washington Street served a writ of garnishment on Pellerito's bank.   After receiving notice of the garnishment, Pellerito objected by arguing that the judgment was void for lack of service.   He also filed a motion to set aside the default judgment pursuant to Arizona Rules of Civil Procedure ("Rule") 55(c) and 60(c).   In due course, the trial court rejected his objection to the garnishment, released the garnished funds to Washington Street and denied Pellerito's motion to set aside the default and default judgment.   Pellerito then filed an unsuccessful motion for a new trial, and the trial court subsequently awarded Washington Street its attorneys' fees and costs.   Pellerito then filed this appeal.

## DISCUSSION

¶5        Pellerito challenges the denial of his motion to set aside the default and default judgment, and the denial of his motion for new trial. He raises two distinct arguments on appeal.   First, he argues that the trial court employed the wrong legal standard when denying his motion to set aside the default judgment.   Second, he contends that the court erred by finding effective service.   Specifically, he argues there was no reasonable evidence that: (1) the process server left the summons and complaint at his dwelling house or usual place of abode; (2) service of process was left with a person who also resided at the residence; and (3) he received actual service of process.

¶6        We review the rulings for an abuse of discretion.  *Delbridge v. Salt River Project Agric. Improvement & Power Dist.*, 182 Ariz. 46, 53, 893 P.2d 46, 53 (App. 1994) (reviewing the denial of a motion for new trial for an abuse of discretion); *Gen. Elec. Capital Corp. v. Osterkamp*, 172 Ariz. 191, 193, 836 P.2d 404, 406 (App. 1992) (reviewing the denial of a motion to set aside default judgment for an abuse of discretion).   "A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without considering the evidence, it commits some other substantial error of law, or the record fails to provide substantial evidence to support the trial court's finding."  *Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27, 156 P.3d 1149, 1155 (App. 2007) (citation omitted) (internal quotation marks omitted).   We also review issues of the court's interpretation and application of the Arizona Rules of Civil Procedure de novo.  *See Bradshaw v. Jasso-Barajas*, 231 Ariz. 197, 199, ¶ 5, 291 P.3d 991, 993 (App. 2013).

**¶7** After a lawsuit has been filed, the complaint and summons must be served on any defendant. Ariz. R. Civ. P. 4(i), 4.1(b). The Rules detail the methods for service, which may include serving an individual defendant, or leaving a copy of a summons and complaint at his or her "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." Ariz. R. Civ. P. 4.1(d). Once the summons and complaint have been served, the sheriff's deputy or private process server must file a return of service,[2] which creates a presumption of service. Ariz. R. Civ. P. 4(g); *Phx. Airport Travelodge v. Dolgin*, 12 Ariz. App. 358, 360, 470 P.2d 506, 508 (1970) (noting the verity imputed to a return of service); *Riggs v. Huachuca Inv. Co.*, 2 Ariz. App. 527, 529, 410 P.2d 149, 151 (1966) (noting that an officer's return of service creates a presumption of service).

**¶8** The presumption of service can only be impeached by clear and convincing evidence. *Riggs*, 2 Ariz. App. at 529, 410 P.2d at 151; *Gen. Elec. Capital Corp.*, 172 Ariz. at 194, 836 P.2d at 407 (citing *Mayhew v. McDougall*, 16 Ariz. App. 125, 127, 491 P.2d 848, 850 (1971)). "[C]lear and convincing evidence is more than a preponderance of the evidence but less than proof beyond a reasonable doubt." *State v. Turrentine*, 152 Ariz. 61, 68, 730 P.2d 238, 245 (App. 1986).

**¶9** When reviewing a ruling on a motion to set aside a default judgment, we "view the facts in the light most favorable to upholding" the ruling. *Ezell v. Quon*, 224 Ariz. 532, 534, ¶ 2, 233 P.3d 645, 647 (App. 2010). If, however, there was no service of process, the default judgment has to be set aside because the judgment is void. *See* Ariz. R. Civ. P. 55(c), 60(c)(4); *see also Master Fin. Inc. v. Woodburn*, 208 Ariz. 70, 74, ¶ 19, 90 P.3d 1236, 1240 (App. 2004) (noting that the lack of personal jurisdiction over a defendant renders any judgment void).

**I**

**¶10** Pellerito argues that the trial court used the wrong legal standard in rejecting his challenge to the default judgment. He claims he did not need to impeach the service of process by clear and convincing evidence because cases should be resolved on the merits and not by default. Although he cites to *French v. Angelic*, 137 Ariz. 244, 669 P.2d 1021 (App. 1983), for his proposition, the case does not change the standard of

---

[2] For private process servers, the return and proof of service must be made by an affidavit. Ariz. R. Civ. P. 4(g).

review. There, after the plaintiff secured a default judgment, the trial court set aside the judgment after defendant argued service was ineffective. *Id.* at 245, 669 P.2d at 1022. On appeal, we affirmed the trial court's findings and ruling to set aside the default judgment for lack of service. *Id.* at 247, 669 P.2d at 1024. Because the trial court has to determine whether there is clear and convincing proof to impeach the presumption of service, *Riggs*, 2 Ariz. App. at 529, 410 P.2d at 151, we will affirm unless there is a clear abuse of discretion, *French*, 137 Ariz. at 246, 669 P.2d at 1022. Consequently, the trial court in this case did not err by following the established legal standard to set aside a default and default judgment.

## II

¶11        Pellerito challenges the service of process. He argues that he was not served, did not live at the East Carolina address when the process server left the documents, never received the documents, and had no knowledge about the default judgment until the garnishment of his bank account. He initially submitted his affidavit, which included a photocopy of his driver's license listing his address on West Florentine. He later submitted an affidavit from the woman on the balcony,[3] and testified briefly at the February 2013 hearing. After reviewing the pleadings, including the affidavits and Pellerito's testimony, the court found that Pellerito had not demonstrated by clear and convincing evidence that the substituted service of process was ineffectual.

¶12        The court had to resolve conflicting facts. Pellerito had a driver's license issued in October 2009 that listed an address on West Florentine. Washington Street provided the process server with its information about an address for Pellerito, and the process server went to the East Carolina address and had contact with the woman on the balcony. Although Pellerito stated in his affidavit that his only residence or place of abode was on West Florentine, it has been recognized that a person may have "two or more 'dwelling houses or usual places of

---

[3] The woman on the balcony submitted two affidavits. In the first, she stated that she married Pellerito on January 9, 2010, and that she owns the East Carolina address, but never told anyone he lived at that address. Pellerito submitted a second affidavit from her with his motion for new trial. In that affidavit, the woman stated that she refused to accept service and never gave Pellerito the documents.

abode.'" *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2d Cir. 1991) (interpreting the corresponding federal rule for abode service). Moreover, even though the affidavit of the process server stated that the woman on the balcony told the process server that Pellerito lived at the East Carolina address, Pellerito challenged that fact by submitting an affidavit, as well as one from the woman on the balcony.[4] The court, as a result, had to determine the facts and related inferences to determine whether Pellerito had impeached the process server's affidavit by clear and convincing evidence in order to grant him relief. *See City of Phx. v. Geyler*, 144 Ariz. 323, 329, 333, 697 P.2d 1073, 1079, 1083 (1985) (noting that we defer to the trial court because it is in the best position to hear testimony, determine credibility and decide the facts); *see also Riggs*, 2 Ariz. App. at 529, 410 P.2d at 151 (noting that the fact that the president of two companies was served but only one company responded to the service, raised the "inference to corroborate the affidavit of the garnishee that it was in fact not served"); *S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1167 (9th Cir. 2007) (finding that defendant did not rebut the presumption of service by clear and convincing evidence given the process server's sworn affidavits and the district court's finding that the defendant was less credible than the process server).

¶13        We agree with Pellerito that he was not served directly. The process server never handed him the summons, complaint, and arbitration certificate.[5] The trial court, however, determined that substitute service occurred when the process server left a copy of the

---

[4] Pellerito renews the hearsay objection he made for the first time in his motion for new trial. Because he did not object to the statements in the process server's affidavit in the motion to set aside default and default judgment or at the hearing in February 2013, he waived any hearsay objection. *See Nickerson v. Green Valley Recreation, Inc.*, 228 Ariz. 309, 315, ¶ 9, 265 P.3d 1108, 1114 (App. 2011) (noting that the failure to object to the trial court's use of a particular doctrine until the motion for new trial waived the issue); *Conant v. Whitney,* 190 Ariz. 290, 293–94, 947 P.2d 864, 867–68 (App. 1997) (noting that an argument first raised in a motion for new trial was waived on appeal).

[5] The trial court found that Pellerito was at home when the process server talked to the woman on the balcony by inferring that the woman turned and talked to Pellerito before stating that he was not expecting anything. The process server's affidavit does not, however, state or suggest that she turned before making her statement. As a result, there is not a factual basis for the court's inference.

documents on the doorstep after telling the woman on the balcony that she was served and the documents were at her front door. Even if the West Florentine address was his residence, Pellerito could be served at his "usual place of abode." *See* Ariz. R. Civ. P. 4.1(d). The term "usual place of abode" generally means where a person is living during attempted service. *Melton v. Superior Court*, 154 Ariz. 40, 42, 739 P.2d 1357, 1359 (App. 1987); *Bowen v. Graham*, 140 Ariz. 593, 597, 684 P.2d 165, 169 (App. 1984) ("We agree that constitutional due process notice requires that substituted service at the defendant's 'usual place of abode' must be at the place where the defendant normally actually resides so that service will be substantially . . . likely to bring home notice to the party affected." (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950)) (internal quotation marks omitted)). As a result, based on the totality of the evidence, including Pellerito's testimony that he had spent the night at the house before the date of service, the court resolved the fact against Pellerito. *See Marks v. LaBerge*, 146 Ariz. 12, 14, 703 P.2d 559, 561 (App. 1985) (noting that a trial court concludes whether "a particular location is the person's 'dwelling house or usual place of abode' based on the facts specific to that case") (citing *French*, 137 Ariz. at 246, 669 P.2d at 1023).

¶14 In addition to the facts surrounding the service, and even if we assume for argument that Pellerito was never told by the woman on the balcony that a process server had stopped by and she never handed him the documents that were left at her front door,[6] Pellerito received notice of the lawsuit. Washington Street mailed both the application of default and affidavit of default to Pellerito at the East Carolina address on December 10, 2009, and the documents were not returned as undeliverable. Moreover, neither Pellerito nor the woman on the balcony dispute the receipt of those documents at the East Carolina address just a month before their marriage. Consequently, the court did not abuse its discretion in determining that the East Carolina address was Pellerito's usual place of abode where he would get notice of the status of the lawsuit.

---

[6] Although Pellerito submitted two affidavits from the woman on the balcony, neither stated that she had not told Pellerito that a process server attempted to serve him at the East Carolina address. In fact, she admitted in her affidavit that was filed with the motion for new trial, that she did not give Pellerito the documents that were left on her front door.

¶15        Pellerito also argues that service was ineffective for two additional reasons.  He claims that the summons, complaint, and certificate of arbitration were not left with an individual who lived at the house,[7] or that the documents were not left with a person because the process server left the documents at the front door.  We disagree.

¶16        The key to substitute service is that the documents are left with a person of suitable age and discretion and the person knows that the documents were left to accomplish service.  *Tonelson v. Haines*, 2 Ariz. App. 127, 128-29, 406 P.2d 845, 846-47 (1965).  In *Tonelson,* although the affidavit of the process server stated service had been made by leaving a copy of the documents with the defendant's wife, she later testified that "a strange man" came to her door in the evening and she told him that her husband, who had been in surgery, did not want to see him and closed the door.  *Id.* at 128, 406 P.2d at 846. "She shut the door without ever hearing that service was being attempted and without ever knowing about the summons and complaint being left at the doorstep."  *Id.*  In ruling on the motion to set aside the default judgment, the trial court concluded that the defendant's wife did not understand and did not hear that the process server was there to serve her husband and determined that the service was ineffective.  *Id.* at 128-29, 406 P.2d at 846-47.  On appeal, after stating that the return of service can only be impeached by clear and convincing evidence and we will not disturb the sound discretion of the court unless there is a clear abuse of discretion, we affirmed the trial court's ruling.  *Id.* at 129, 406 P.2d at 847.  Specifically, we stated that the person the summons and complaint are left with "must be aware of the leaving" and "apprised in some substantial form that service is intended to be made" to avoid surreptitious service not likely to provide notice.  *Id.*

¶17        Citing to *Liberty Mutual Insurance Co. v. Rapton*, 140 Ariz. 60, 680 P.2d 196 (App. 1984), Pellerito contends that there was no evidence that the summons and complaint were left with anyone of suitable age and discretion pursuant to Rule 4.1(d).  We disagree.

¶18        In *Liberty Mutual*, this court found that defendant was properly served when his future wife, who he was living with, was served with the summons and complaint, and she gave the papers to him even

_____

[7] Although Pellerito challenges the fact that Washington Street did not prove that the woman on the balcony lived there, he later submitted her affidavit that said that she owned the house.  The affidavit undermines his argument.

after being told by his lawyer that service was ineffective. *Id.* at 62-63, 680 P.2d at 198-99. In reaching our conclusion, we distinguished the facts from cases where it was determined that service was ineffective because documents had been left at a business location or without any notice to anyone of suitable age or discretion. *Id.* at 63, 680 P.2d at 199.[8] Unlike the cases cited to in *Liberty Mutual*, the evidence the trial court found in this case supports its ruling: the process server told the woman on the balcony that he was leaving the documents at her front door to accomplish substitute service and she did not deny telling Pellerito that a process server had been by and left papers for him. Based on those facts, we do not find that the trial court abused its discretion by denying Pellerito's motion to set aside the default and default judgment for lack of service.

## III

¶19      Pellerito argues that the trial court erred by awarding Washington Street attorneys' fees under Arizona Revised Statutes section 12-1580(E).[9] He also contends the court erred by failing to conduct an evidentiary hearing before awarding fees.

---

[8] For example, in *United States v. N. Tully Semel, Inc.*, the District Court found that despite the fact that the affidavit of service stated it was left at the defendant's usual place of abode, the papers were left in a business hallway across from the apartment defendant used as living quarters. 88 F. Supp. 732, 732-33 (D. Conn. 1949). In *Clover v. Urban*, the Connecticut Supreme Court affirmed the ruling that the defendant had not been properly served when the documents were left in the outer hallway of a house where the defendant rented a first floor apartment, but he never saw the documents and they were never brought to his attention. 142 A. 389, 389-91 (1928). In *Perry v. Perry*, the Georgia Supreme Court found that the defendant, who was residing with his son-in-law and daughter, was not served when the sheriff left a copy of the documents with the son-in-law at his drug store business. 30 S.E. 663, 663 (1898). Finally, in *Briscoe v. Getto*, the Kansas Supreme Court affirmed the ruling that service was improper because the writ of garnishment had been served on the secretary of the defendant's employer. 462 P.2d 127, 128-30 (1969), *superseded by statute*, Kan. Stat. Ann. § 60-304(a) (West 2014), *as recognized in Fisher v. DeCarvalho*, 314 P.3d 214, 220 (2013). Those cases, however, do not suggest the the trial court's ruling in this case was in error given our decision in *Tonelson*.

[9] We cite to the current version of all statutes unless otherwise noted.

¶20 Section 12-1580(E) states that the trial court can only assess fees and costs against the judgment debtor if the court finds that the objection was "solely for the purpose of delay or to harass the judgment creditor." The statute does not require a hearing and neither does *Schweiger v. China Doll Restuarant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App. 1983). We review an award of attorneys' fees for an abuse of discretion. *See Phx. Newspapers, Inc. v. Dep't of Corr., State of Ariz.*, 188 Ariz. 237, 243, 934 P.2d 801, 807 (App. 1997).

¶21 Section 12-1580(E), which allows fees for delay and harassment, is similar to § 12-349(A)(2). Although we have yet to address the parameters of § 12-1580(E), in *Fund Manager, Public Safety Personnel Retirement System v. Corbin*, we found that the Attorney General did not unreasonably expand or delay the proceedings by filing a motion challenging the constitutionality of a statute. 161 Ariz. 348, 355, 778 P.2d 1244, 1251 (App. 1988), *aff'd in part and dismissed in part*, 161 Ariz. 364, 778 P.2d 1260 (1989). Here, Pellerito challenged the service of process, the resulting default judgment and garnishment. Although the trial court ruled against him, Pellerito had the right to challenge the default judgment. The fact that he lost does not demonstrate that his motions were solely for the purpose of delay or to harass the judgment creditor. In fact, but for the clarity of the process server's affidavit, the trial court may have followed *Tonelson* and found that there was not substituted service. Consequently, we vacate the award of attorneys' fees awarded under § 12-1580(E).

## IV

¶22 Washington Street requests its attorneys' fees on appeal under the terms of the lease and § 12-341.01. Although the lease has an attorneys' fees provision in paragraph 13, an indemnification provision, there is not a similar provision in paragraph 24 that discusses the remedies for default. Although the lease does not have a specific fees provision in the event of a default of the lease, we can consider § 12-341.01, and in our discretion award Washington Street its reasonable attorneys' fees on appeal pursuant to § 12-341.01(A), upon compliance with ARCAP 21(a).

**CONCLUSION**

**¶23** We affirm the denial of Pellerito's motion to set aside default judgment and motion for new trial, vacate the award of attorneys' fees pursuant to § 12-1580(E), and vacate the judgment against Jane Doe Pellerito.



Ruth A. Willingham · Clerk of the Court
FILED: gsh