NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CANYON STATE CREDIT UNION, a federally insured state chartered credit union, *Plaintiff/Appellee*,

*v.*

ROBERT LINDSAY EARLE, JR., *Defendant/Appellant*.

No. 1 CA-CV 16-0116
FILED 12-30-16

Appeal from the Superior Court in Yavapai County
No.  P1300CV201500314
The Honorable David L. Mackey, Judge

**AFFIRMED**

COUNSEL

Mark A. Kirkorsky PC, Tempe
By Mark A. Kirkorsky, Joseph L. Whipple and Tara K. Miller
*Counsel for Plaintiff/Appellee*

Law Offices of Earle & Associates, Sedona
By Robert L. Earle
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

---

**G O U L D**, Judge:

¶1        Appellant Robert Lindsay Earle, Jr. ("Earle") appeals the superior court's denial of his motion to set aside a default judgment.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

¶2        On April 7, 2015, Appellee Canyon State Credit Union ("Canyon State") filed a complaint against Earle for breach of contract arising from a credit card account.  After filing the complaint, Canyon State made repeated efforts to serve Earle.  On May 1, 2015, a process server filed a certificate of non-service after twice being turned away by an occupant at Earle's residence.  The process server confirmed that Earle was the property owner of the residence with the county assessor, 411 Info, and DexOnline; in addition, a vehicle parked at the residence was registered to Earle, and a neighbor confirmed that Earle lived at the residence.  On May 14, 2015, another process server filed a certificate of non-service after attempting to serve Earle at his place of employment; in the first attempt, the occupant would not answer the door and in the second attempt, the occupant told the process server that Earle would be unavailable indefinitely.

¶3        Consequently, Canyon State filed a Motion for Leave to Use Alternative Means of Service pursuant to Arizona Rule of Civil Procedure 4.1(k).  In its motion, Canyon State sought to serve Earle by means of "Certified, First Class Mail, return receipt requested, and by posting of the Summons and Complaint upon the entrance of [his] residence."  The superior court granted the motion.  On June 25, 2015, a process server filed a certificate of service stating that he had posted a copy of the summons, complaint, and the court's order approving alternative service on the front

---

[1]        "We view the facts in the light most favorable to upholding the trial court's ruling on a motion to set aside a default judgment." *Ezell v. Quon*, 224 Ariz. 532, 534, ¶ 2 (App. 2010) (citation omitted).

door of Earle's residence; in addition, the process server mailed copies of the documents to Earle's home address by both certified and first class mail.

**¶4**         On August 4, 2015, after Earle had failed to answer or otherwise defend, Canyon State filed an application and affidavit for entry of default. Ariz. R. Civ. P. 55(a). Canyon State mailed a copy of the application to Earle's home address. On October 1, 2015, Canyon State filed a motion for entry of a default judgment without hearing. Ariz. R. Civ. P. 55(b). The superior court entered a default judgment in favor of Canyon State on November 5, 2015.

**¶5**         Earle filed a motion to set aside the judgment on November 25, 2015. After considering Earle's motion and his reply, the court denied the motion. Earle timely appeals.

## DISCUSSION

**¶6**         Earle argues the superior court should have set aside the judgment pursuant to Ariz. R. Civ. P. 60(c)(1). We review the court's denial of Earle's motion for an abuse of discretion. *City of Phoenix v. Geyler*, 144 Ariz. 323, 328, 330 (1985); *French v. Angelic*, 137 Ariz. 244, 246 (App. 1983).

**¶7**         To obtain relief under Rule 60(c)(1), a party must show (1) mistake, inadvertence, surprise or excusable neglect; (2) that relief was sought promptly; and (3) that a meritorious defense to the claim existed. *BYS Inc. v. Smoudi*, 228 Ariz. 573, 577, ¶ 14 (App. 2012), *as amended* (Mar. 13, 2012) (citation omitted); *Maher v. Urman*, 211 Ariz. 543, 550, ¶ 21 (App. 2005) (citation omitted). Under Rule 60(c)(1), conduct is "excusable" if the neglect or inadvertence is such "as might be the act of a reasonably prudent person under the same circumstances." *Geyler*, 144 Ariz. at 331. However, "[m]ere carelessness is not a sufficient reason to set aside a default judgment." *Searchtoppers.com, L.L.C. v. TrustCash LLC*, 231 Ariz. 236, 241-42, ¶ 22 (App. 2012) (citation omitted). Additionally, "whether or not an illness or disability merits the setting aside of a default judgment must be evaluated in an ad hoc manner, and is a question directed to the sound discretion of the trial court." *Daou v. Harris*, 139 Ariz. 353, 360 (1984) (citation omitted).

**¶8**         Here, Earle argues that he failed to answer the complaint because his wife's death in 2014 left him "distraught, depressed, and consequently inattentive to his affairs."[2] Given this basis, we are unable to

_____

[2]         With respect to the other requirements for relief under Rule 60(c)(1), the record shows that Earle promptly sought relief by filing his motion

conclude the superior court abused its discretion in denying his motion. Earle's inattentiveness does not constitute excusable neglect, and the court could have reasonably concluded that Earle's distraught, depressed condition did not qualify as an illness or disability justifying setting aside the judgment. *See Geyler*, 144 Ariz. at 331.

**¶9** Earle next contends that the superior court should have set aside the judgment pursuant to Ariz. R. Civ. P. 60(c)(6), which provides that a court may relieve a party from final judgment for "any other reason justifying relief from the operation of the judgment." Specifically, Earle argues the superior court should have granted his motion to give him an opportunity to "formulate and present" an answer to the complaint and pursue compulsory arbitration.

**¶10** To set aside a judgment under Rule 60(c)(6), a movant must show (1) extraordinary circumstances of hardship or injustice justifying relief, and (2) reasons for setting aside judgment other than one of the reasons set forth in the preceding five clauses of Rule 60(c). *Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 220, ¶ 15 (App. 2000) (citing *Davis v. Davis*, 143 Ariz. 54, 57 (1984)).

**¶11** Earle's claim that he needed time to prepare an answer does not qualify as an extraordinary circumstance of hardship or injustice justifying relief under Rule 60(c)(6). We find no error.

**¶12** Earle also asserts the superior court erred in denying his motion to set aside the judgment because he did not receive a copy of Canyon State's motion for alternative service. However, contrary to Earle's contention, Canyon State was not required to provide him with a copy of its motion. Under Arizona Rule of Civil Procedure 4.1(k), "[i]f service by one of the means set forth in the preceding paragraphs of this Rule 4.1 proves impracticable, then service may be accomplished in such manner . .

---

twenty days after judgment was entered. *See* Ariz. R. Civ. P. 60(c) (for reasons under 60(c)(1), "[t]he motion shall be filed . . . not more than six months after the judgment or order was entered"). Based on our decision, we do not reach the issue of whether Earle's defense that the credit card application did not form a contract was a meritorious defense.

. as the court, upon motion and *without notice*, may direct." (emphasis added.)[3]

**¶13** Finally, Earle argues the superior court erred in denying his motion because he did not receive a copy of the court's order granting leave for alternative service. *See* Ariz. R. Civ. P. 4.1(k) (stating that "any order of the court authorizing an alternative method of service, shall be mailed to the last known business or residence address of the person to be served"). The record does not support Earle's claim; rather, it shows that a process server posted a copy of the court's order on the front door of Earle's residence and mailed two separate copies to his residence.

## CONCLUSION

**¶14** For the reasons discussed above, we affirm. Further, in our discretion, we deny Canyon State's request for attorneys' fees pursuant to A.R.S. § 12-341.01. Canyon State is entitled to its costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:        JT

---

[3]      Additionally, Earle's reliance on Ariz. R. Civ. P. 5(a), which provides that written motions must be served upon each of the parties, is misplaced. Rule 4.1(k), not Rule 5(a), applies in this case. *See* Ariz. P. Civ. P 5(a) ("*Except as otherwise provided in these rules* . . . every written motion other than one which may be heard ex parte . . . shall be served upon each of the parties.") (emphasis added).