NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DOMINICA M. RODRIGUEZ, *Petitioner/Appellant*,

*v.*

VICTOR ANTONIO GARCIA, *Respondent/Appellee*.

No. 1 CA-CV 18-0698 FC
FILED 11-12-2019

Appeal from the Superior Court in Maricopa County
No. FC2017-007850
The Honorable Katherine M. Cooper, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Dominica M. Rodriguez, Phoenix
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Diane M. Johnsen joined.

**J O N E S,** Judge:

¶1            Dominica Rodriguez (Mother) appeals from the family court's orders requiring Victor Garcia (Father) to pay child support and denying her request for an award of attorneys' fees.  For the following reasons, we vacate the order of child support for the period between September 1, 2017 and April 30, 2018 and remand for recalculation of the support award for that period.  The remainder of the court's orders are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2            In August 2017, Mother petitioned the family court for an order establishing paternity and child support for her four-year-old son (Child).[1]  Paternity was confirmed in February 2018, and the court held an evidentiary hearing in July.

¶3            At the hearing, Mother testified she told Father she was pregnant in January 2013 and that Child was born the following September. Mother sent an email to Father advising that Child needed surgery in February 2014 but received no response.  Later that year, Mother's friend exchanged text messages with Father's significant other about Child's medical status.  Mother never requested Father pay child support and did not try to contact him again until shortly before she filed her August 2017 petition.  Mother suggested she would have pursued support earlier had she "ha[d] enough information on him" but acknowledged that she had known Father since junior high school, that Father had had the same telephone number for twelve years, and that she eventually obtained his phone number through a private investigator.

¶4            Father testified he ended his relationship with Mother in 2012 and did not hear from her again until shortly before she filed her petition

---

[1]    Father responded by requesting joint legal decision-making and shared parenting time but later withdrew these requests.

for paternity and child support. Father's significant other testified she never told him about the messages from Mother's friend.

**¶5** Father expressed regret that he had been deprived of the opportunity to bond with and care for Child and agreed an award of child support moving forward was appropriate. He testified he had been earning $21 per hour but experienced health conditions that forced him to stop working entirely in June of 2018.

**¶6** After taking the matter under advisement, the family court found Father was unaware of his possible parentage until he received Mother's petition. The court ordered Father to pay $250.42 per month in child support beginning the first of the month following the filing of Mother's petition — September 1, 2017. Application of this order resulted in a judgment of arrears totaling $2,754.42. The court also found "both parties acted unreasonably to some extent" and ordered they bear their own attorneys' fees. After her post-trial motions were denied, Mother timely appealed the final judgment. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] -2101(A)(1), and (A)(5)(a).

## DISCUSSION

### I. Child Support

#### A. Retroactivity

**¶7** Mother first argues the family court erred by failing to require Father to pay support accruing over the entire period since Child's birth.[3] We review a child support order for an abuse of discretion, which may occur when the decision is not supported by the record or is premised upon an error of law. *See Birnstihl v. Birnstihl*, 243 Ariz. 588, 590-91, ¶ 8 (App. 2018).

**¶8** As relevant here, A.R.S. § 25-809(A) provides that, after parentage is established, "the court shall direct, subject to applicable equitable defenses . . . the amount, if any, the parties shall pay for the past

---

[2] Absent material changes from the relevant date, we cite the current version of rules and statutes.

[3] Father did not file an answering brief. Although we could regard this failure as a confession of error, *see* ARCAP 15(a)(2); *Thompson v. Thompson*, 217 Ariz. 524, 526, ¶ 6 n.1 (App. 2008), in our discretion, we decline to do so, *see Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).

support of the child." The family court determined Father proved the equitable defense of laches, justifying relief from arrearages that accrued while Father was unaware of his parentage. "Laches is recognized in Arizona as an equitable defense to a claim for child support arrearages." *State ex rel. Dep't of Econ. Sec. v. Dodd*, 181 Ariz. 183, 187 (App. 1994). The parent asserting the defense must prove, by clear and convincing evidence, "both (1) that the [requesting parent] unreasonably delayed bringing a claim for arrearages, and (2) that the [paying parent] was prejudiced by this delay." *Id.* at 188 (citation omitted); *see also* A.R.S. § 25-320(C) (directing the family court, before ordering retroactive support, to "first consider all relevant circumstances, including the conduct or motivation of the parties in that filing and the diligence with which [notice] was attempted").

¶9 "Evidence is clear and convincing if it makes 'the thing to be proved highly probable or reasonably certain.'" *Parker v. City of Tucson*, 233 Ariz. 422, 436, ¶ 39 (App. 2013) (quoting *Kent K. v. Bobby M.*, 210 Ariz. 279, 284-85, ¶ 25 (2005)). "The determination of whether evidence is 'clear and convincing' is committed to the trial court," and its findings "will be sustained on appeal as long as the record contains substantial evidence to support them." *O'Dea v. Litzenburg* (*Estate of Page*), 177 Ariz. 84, 92 (App. 1993) (citing *Hopper v. Indus. Comm'n*, 27 Ariz. App. 732, 735 (1976)). Substantial evidence may exist "even though there might be substantial conflicting evidence." *Moore v. Title Ins. Co. of Minn.*, 148 Ariz. 408, 413 (App. 1985) (citing *Lewis v. Midway Lumber, Inc.*, 114 Ariz. 426, 429 (App. 1977)). And, where the question of whether a party has met his burden of proof "is a matter of determining which body of conflicting evidence to accept and which to reject," we defer to the trier of fact. *Brewer v. Peterson*, 9 Ariz. App. 455, 458 (1969) (citing *Tonelson v. Haines*, 2 Ariz. App. 127, 129 (1965)).

¶10 In a six-page decision that detailed the evidence at length, the family court here accepted Father's version of events and found Mother's assertion that she told Father about Child initially and then could not track him down was unsupported by the evidence, "not credible," and "contrived." The court further found Father had been prejudiced by Mother's unexcused delay and, specifically, that "he had no opportunity for a relationship with [Child] for three years . . . [and] no chance to stop child support from accruing *because he did not know that he had a child*." Although Mother disputes the weight and credence to be given to various evidence, the court is in the "best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 13 (App. 2011) (citing *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4

(App. 2002)). On appeal, we will not reweigh the evidence or second-guess the fact-finder's resolution of competing evidence. *See Reeck v. Mendoza*, 232 Ariz. 299, 303, ¶ 14 (App. 2013).

**¶11** Substantial evidence supports the family court's decision to apply the equitable defense of laches to Mother's claim for child support arrears. Accordingly, we find no error in its order limiting retroactive child support to the period beginning with the filing of Mother's petition.

### B. Father's Income

**¶12** Mother argues the family court erroneously attributed Father's income, for purposes of calculating child support, at no more than minimum wage based upon a "vague medical leave of absence." We again review for an abuse of discretion. *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6 (App. 2002) (citation omitted). In the course of our review, we accept the court's findings of fact unless they are clearly erroneous but draw our own legal conclusions from the facts and review *de novo* the interpretation of the Arizona Child Support Guidelines. *Id.*

**¶13** By attributing Father's income at minimum wage, the family court implicitly accepted Father's assertion that he is unable to work. *See Quijada v. Quijada*, 246 Ariz. 217, 220, ¶ 8 (App. 2019) (recognizing a tacit finding necessary to sustain the family court's order) (citing *Great W. Bank v. LJC Dev., L.L.C.*, 238 Ariz. 470, 479, ¶ 31 n.9 (App. 2015)). This finding is supported by substantial evidence — namely, Father's testimony and documentation from his employer that he had been granted an indefinite medical leave of absence. *See Pyeatte v. Pyeatte*, 21 Ariz. App. 448, 453 (1974) (noting that a party's "testimony alone" may be sufficient to support a court's conclusion). Given this finding, the court acted in its discretion to attribute minimum-wage income to Father. *See* A.R.S. § 25-320 app. § 5(E) (Guidelines).

**¶14** Mother also argues the family court erred in applying the decrease to Father's income retroactively. We agree. In calculating Father's arrearage, the court should have determined Father's income during the period of the arrearage. *See* A.R.S. § 25-809(A) (directing the court to calculate past support "using a retroactive application of the current child support guidelines"). And although the court may properly attribute income to Father when he is unable to work, the record does not support a finding that Father was unemployed or earning less than $21 per hour before April 2018. Thus, the court abused its discretion in using a reduced income to calculate Father's child support obligation between September 1,

2017 and April 30, 2018.  The child support order for that period is vacated and remanded for recalculation.

## II.    Childcare Costs

**¶15**        Mother also argues the family court erred in failing to include childcare costs within its child support calculation.  We again review for an abuse of discretion.  *See supra* ¶ 7.

**¶16**        Pursuant to the Guidelines, the family court "[m]ay add to the Basic Child Support Obligation amounts for . . . [c]hildcare expenses that would be appropriate to the parents' financial abilities."  Guidelines § 9(B)(1).  The decision to do so is discretionary.  *See id.*  Here, Mother presented evidence of childcare costs.  The court chose not to include them in its calculation.  These circumstances do not represent any clear abuse of discretion.

## III.    Attorneys' Fees

**¶17**        Finally, Mother argues the family court erred in declining her request for an award of attorneys' fees.  We review the denial of attorneys' fees under A.R.S. § 25-324(A) for an abuse of discretion.  *See Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 29 (App. 2019) (citing *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014)).

**¶18**        Pursuant to A.R.S. § 25-324(A):

> The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding [in family court].

The court here determined that "both parties acted unreasonably to some extent" — Father for abandoning his request for parenting time immediately before the evidentiary hearing and Mother for seeking years' worth of retroactive child support after failing to timely notify Father of his parentage.  Although Mother disputes the court's characterization of her delay in pursuing support as unreasonable, we have already determined its findings are supported by the record.  *See supra* ¶ 10.  Moreover, those findings provide a sufficient factual basis to decline an award of fees under A.R.S. § 25-324(A).  Accordingly, we find no error.

**CONCLUSION**

**¶19** The child support order for the period between September 1, 2017 and April 30, 2018 is vacated, and the case is remanded for recalculation of child support during that period. The family court's other orders, including those denying Mother's request for attorneys' fees and setting child support going forward, are affirmed.

**¶20** Mother requests an award of attorneys' fees incurred on appeal pursuant to A.R.S. §§ 12-348 (authorizing an award of fees to the successful party in a civil action against a municipality), 35-213 (authorizing an award of fees to a taxpayer who initiates an action to recover illegally paid public monies), and the private attorney general doctrine, *see Arnold v. Ariz. Dep't of Health Servs.*, 160 Ariz. 593, 537 (1989) (recognizing "the existence of a 'private attorney general doctrine' that allows an award [of attorneys' fees] to a prevailing plaintiff for vindicating an important public policy"). These authorities are not applicable to the immediate case, and we decline the request. Because Mother was only partially successful on appeal, we likewise decline her request for costs pursuant to A.R.S. § 12-341.

