836 P.2d 404

**GENERAL ELECTRIC CAPITAL COR-PORATION, formerly known as General Electric Credit Corporation, successor in interest to RCA Corporation (RCA Service Company), a New York corporation, Plaintiff/Appellee,**

v.

**Elizabeth OSTERKAMP, Defendant/Appellant.**

**No. 2 CA–CIV 91–0107.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 23, 1992.

As Amended on Denial of Reconsideration March 5, 1992.

Review Denied Sept. 22, 1992.*

* Zlaket, J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

Norling, Oeser & Williams by Darrell E. Davis and Steven H. Williams, Phoenix, for plaintiff/appellee.

Molloy, Jones & Donahue, P.C. by David J. Diamond, Tucson, for defendant/appellant.

## OPINION

HATHAWAY, Judge.

In this case arising from a breach of contract action, Elizabeth Osterkamp appeals from a default judgment in favor of General Electric Capital Corporation. We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 27, 1988, General Electric Capital Corporation (GE) filed a complaint in Pima County Superior Court against Tucson Hotel Properties Limited Partnership for breach of an equipment lease agreement involving televisions and related equipment (the Pima County case). GE later amended its complaint to add as defendants Horst Osterkamp, Tucson Hotel's general partner, and Jane Doe Osterkamp, his wife. On November 18, 1989, Elizabeth Osterkamp, Horst's wife at the time he executed the lease agreement, was personally served with a summons and the amended complaint at her California home.

At approximately the same time, GE brought a parallel breach of contract action against Nogales Hotel Properties Limited, of which Horst was also general partner, in Santa Cruz County Superior Court (the Santa Cruz County case). Also on November 18, GE served a summons and an amended complaint on Elizabeth Osterkamp in the Santa Cruz County case. The relevant facts of the Santa Cruz County case are set forth in this court's decision *General Electric Capital Corporation v. Elizabeth Osterkamp*, 172 Ariz. 185, 836 P.2d 398 (1992).

On December 22, 1989, GE applied for entry of default against Elizabeth and mailed her a copy of the application. On December 27, 1989, default was entered. In accordance with Ariz.R.Civ.P. 55(a)(2), 16 A.R.S., the default was to become effective on January 11, 1990, if an answer was not filed by the end of that day.

On January 19, 1990, Elizabeth's Arizona counsel filed an answer on her behalf. On January 29, 1990, he filed a motion to set aside the entry of default, asserting that the failure to timely answer was due to excusable neglect. The excusable neglect related to several telephone conversations between Elizabeth's Arizona counsel and Steven Williams, GE's counsel, which took place late in the day on January 11. A more complete description of the facts regarding the phone conversations between the parties' attorneys is set out in *General Electric*, 172 Ariz. at 187, 836 P.2d at 400.

Elizabeth's Arizona counsel asserts in his affidavits that he initially believed that Williams was granting him an extension of time to file an answer, despite the expiration of the ten-day grace period provided by Rule 55(a)(2). He also states that during the second conversation with Williams, he realized that such an extension was not being offered. Williams states in his affidavit that Arizona counsel then told Williams that he believed that an answer filed after entry of default, but before a motion for entry of default judgment, was

valid. Williams asserts that he twice advised Arizona counsel that the rule provided otherwise, and that once the grace period expires, a party must show both excusable neglect and a meritorious defense before the court will set aside default. According to Williams, Arizona counsel maintained that he considered this to be a legal question to be submitted to the court. Arizona counsel does not dispute these assertions in either of his affidavits. Moreover, Arizona counsel argued to the court, in support of his motion to set aside default, that he did not file an answer by the end of the day on January 11 based on this understanding of the applicable law.

The Pima County and Santa Cruz County actions share identical procedural histories to this point. Elizabeth made the same arguments with respect to excusable neglect in both actions.

After a hearing, the Pima County trial court ruled on the motion on October 15, 1990, denying the motion and entering judgment in favor of GE. The court based its decision on two grounds: (1) the purported stipulation to extend the time to answer was not in writing or made in open court as required by Ariz.R.Civ.P. 80(d), 16 A.R.S.; and, (2) as a matter of law, application for entry of default is not the same as an application for the entry of default judgment.

On October 30, 1990, Elizabeth filed a motion to set aside the default judgment based on assertions in her affidavit that she did not receive adequate notice due to insufficient service of process. She states that the complaint was served on her cook whose first language was not English. Finding that this assertion constituted newly-discovered evidence, the court granted the motion and set aside the default judgment. GE then filed a motion for reconsideration and submitted evidence to refute the alleged lack of notice. On February 25, 1991, the court vacated its previous minute entry and confirmed the default judgment in favor of GE, finding that Elizabeth had not fully disclosed the facts. Elizabeth now appeals from default judgment.[1]

## STANDARD OF REVIEW

At the appellate level, there is an initial presumption that a judgment is correct. *Chase v. State Farm Mut. Auto. Ins. Co.*, 131 Ariz. 461, 641 P.2d 1305 (App. 1982). The burden is on the party who disagrees with the judgment to show that the trial court abused its discretion. *Yoo Thun Lim v. Crespin*, 100 Ariz. 80, 411 P.2d 809 (1966). Additionally, the decision whether to set aside a default judgment lies entirely within the discretion of the trial court and will not be disturbed on appeal absent a clear abuse of that discretion. *Hirsch v. National Van Lines, Inc.*, 136 Ariz. 304, 666 P.2d 49 (1983).

In our review of judgments, we are obliged to affirm the trial court's ruling if the result was legally correct for any reason. *State v. Perez*, 141 Ariz. 459, 687 P.2d 1214 (1984). Implied in every judgment, in addition to the express findings made by the court, are any additional findings necessary to sustain the judgment, if reasonably supported by the evidence and not in conflict with the express findings. Thus, if the judgment can be sustained on any theory framed by the pleadings and supported by the evidence, we must affirm it. *Coronado Co., Inc. v. Jacome's Dept. Store*, 129 Ariz. 137, 139, 629 P.2d 553, 555 (App.1981).

## DISCUSSION

Elizabeth makes the following arguments on appeal: (1) the trial court abused its discretion by relying on Ariz.R.Civ.P. 80(d), 16 A.R.S., in denying the motion to set aside the entry of default; (2) Elizabeth met the legal standard for setting aside entry of default or default judgment; and, (3) the trial court improperly ignored the facts and law indicating that the court had no jurisdiction over Elizabeth because of insufficient service of process and consequent lack of adequate notice.

---

**1.** Appellant's counsel on appeal succeeded Appellant's "Arizona counsel" after the defaults

were entered.

## I.

■ Whether to set aside an entry of default or a default judgment is entirely within the trial court's discretion. *Daou v. Harris,* 139 Ariz. 353, 678 P.2d 934 (1984); *United Imports and Exports, Inc. v. Superior Court,* 134 Ariz. 43, 653 P.2d 691 (1982). A default may be set aside by the trial court where the moving party shows excusable neglect as defined in Ariz. R.Civ.P. 60(c), 16 A.R.S., a meritorious defense, and has promptly applied for relief. *Id.* We will not disturb the trial court's finding absent a showing of abuse of discretion. *Id.*

We find that the court acted properly in denying the motion to set aside the entry of default. We need not address the issue of whether the trial court erred in applying Rule 80(d) to a default situation. Regardless of the propriety of that action, sufficient other grounds exist to support the court's decision. Indeed, the court's minute entry impliedly recognized these other grounds.

■ In reviewing GE's appeal from summary judgment in the Santa Cruz County action, this court considered the same facts and issues relative to the Santa Cruz County trial court's granting of Elizabeth's motion to set aside the entry of default that we must consider in this appeal. We recognized there that the good cause which the defaulting party must show in order to set aside entry of default under Ariz.R.Civ.P. 55(c), is the same as that necessary to set aside a judgment by default. 172 Ariz. at 188, 836 P.2d at 401, citing *Webb v. Erickson,* 134 Ariz. 182, 655 P.2d 6 (1982). This requires that the party moving to set aside the default must meet the requirements of Ariz.R.Civ.P. 60(c)(1), 16 A.R.S., by showing mistake, inadvertence, surprise or excusable neglect. *Id.* In the Santa Cruz County case, we found that:

> Arizona counsel knew by January 11 that he would have to file an answer that day in order to file within the 10–day grace period. Yet he believed, notwithstanding his being informed by Williams twice to the contrary, that if an answer was filed

before a motion for default judgment, no judgment could be taken and the answer would have to be recognized as valid. *Id.,* 172 Ariz. at 189–190, 836 P.2d at 402–403. The motion to set aside the default was based on the argument that this belief constituted excusable neglect. *Id.* As we noted, under Arizona case law, an attorney's misunderstanding or ignorance of the rules of civil procedure is not the type of excuse contemplated in Rule 60(c) as a sufficient ground for vacating the entry of default or default judgment. *Id.,* 172 Ariz. at 190, 836 P.2d at 403, citing *Daou v. Harris, supra.* Moreover, the fault of the attorney is attributable to the client. *Id.,* 172 Ariz. at 190, 836 P.2d at 403, citing *United Import and Exports, Inc. v. Superior Court, supra.*

■ Because counsel's misunderstanding of the relevant rules of civil procedure was the basis for the claim of excusable neglect, we reversed the Santa Cruz County trial court's order setting aside the default. For the same reasons, we find here that the trial court acted properly in denying the motion to set aside entry of default. Because Elizabeth did not, as a matter of law, make a showing of excusable neglect, we do not need to address whether she met the other two requirements of meritorious defense and prompt application for relief. See *Daou v. Harris, supra.*

## II.

Elizabeth also contends that the default judgment in favor of GE is void because the amended complaint was not properly served, and therefore, the trial court lacked jurisdiction. She further argues that she only received notice of the suit approximately one month after the date of the alleged improper service when GE's attorney informed her that GE intended to sue her.

■ Service of process can be impeached only by clear and convincing evidence. *Mayhew v. McDougall,* 16 Ariz. App. 125, 491 P.2d 848 (1971). Elizabeth asserts in her affidavit that the complaint was left with her 60–year–old cook who had "limited understanding of the English language." She did not offer any evidence to show that the cook was not of suitable

discretion under Ariz.R.Civ.P. 4(d), 16 A.R.S. Her own admission that the cook placed the summons and complaint with the incoming mail, and that she examined this mail after returning from a trip abroad, does nothing to negate effective service of process.

The evidence submitted by GE to refute the alleged lack of notice consists of a letter from Elizabeth to Williams, GE's counsel, dated December 4, 1989. In this letter, Elizabeth acknowledges the pending court action and asks what she must do to defend herself against it. This evidence provided the trial court with a reasonable basis for rejecting Elizabeth's assertion of inadequate notice due to insufficient service of process. The court correctly confirmed the entry of default judgment on February 25, 1991.

We affirm and award appellee its attorney's fees and costs on appeal pursuant to A.R.S. § 12–341.01 and Ariz.R.Civ.App.P. 21(c), 17B A.R.S., as requested.

FERNANDEZ, P.J., and LACAGNINA, J., concur.