IN THE

# SUPREME COURT OF THE STATE OF ARIZONA
IN DIVISION

RASEAN CLAYTON,
*Plaintiff/Appellee,*

*v.*

KANYE WEST, ET AL.
*Defendants/Appellants.*

No. CV-20-0249-AP/EL
**June 24, 2021**

Appeal from the Superior Court in Maricopa County
The Honorable M. Scott McCoy, Judge
No.   CV2020-010553
**AFFIRMED**

COUNSEL:

Mary R. O'Grady, Joseph N. Roth, Joshua D. Bendor, Osborn Maledon P.A., Phoenix, Attorneys for Rasean Clayton

Timothy J. Berg, Keith Miller, Fennemore Craig, P.C., Phoenix; and Timothy A. La Sota, Timothy A. La Sota, PLC, Phoenix, Attorneys for Kanye West, Donald Anglin, Kristin Anglin, Kelli Whitehead, Brittani Quale, William Quale, Rachel Wallace-Sassarini, Patrick Wallace-Sassarini, Keith Gilbert, Marilyn Tuck, Michele Vrabel, and Mark Renberg

Mark Brnovich, Arizona Attorney General, Kara M. Karlson, Assistant Attorney General, Phoenix, Attorneys for Katie Hobbs, in her official capacity as Arizona Secretary of State

Michael B. Whiting, Apache County Attorney, Joseph D. Young, Chief Deputy County Attorney, St. Johns, Attorneys for Larry Noble, in his official capacity as Apache County Recorder, and Apache County Board of Supervisors

Brian M. McIntyre, Cochise County Attorney, Christine J. Roberts, Deputy County Attorney, Bisbee, Attorneys for David W. Stevens, in his official capacity as Cochise County Recorder, and Cochise County Board of Supervisors

William P. Ring, Coconino County Attorney, Rose Winkeler, Deputy County Attorney, Flagstaff, Attorneys for Patty Hansen, in her official capacity as Coconino County Recorder, and Coconino County Board of Supervisors

Bradley D. Beauchamp, Gila County Attorney, Jefferson R. Dalton, Deputy County Attorney, Civil Bureau Chief, Globe, Attorneys for Sadie Jo Bingham, in her official capacity as Gila County Recorder, and Gila County Board of Supervisors

Scott Bennett, Graham County Attorney, Safford, Attorney for Wendy John, in her official capacity as Graham County Recorder, and Graham County Board of Supervisors

Jeremy O. Ford, Greenlee County Attorney, Clifton, Attorney for Sharie Milheiro, in her official capacity as Greenlee County Recorder, and Greenlee County Board of Supervisors

Tony Rogers, La Paz County Attorney, Ryan N. Dooley, Chief Deputy County Attorney, Parker, Attorneys for Richard Garcia, in his official capacity as La Paz County Recorder, and La Paz County Board of Supervisors

Allister Adel, Maricopa County Attorney, Joseph E. La Rue, Andrea Cummings, Deputy County Attorneys, Phoenix, Attorneys for Stephen Richer, in his official capacity as Maricopa County Recorder, and Maricopa County Board of Supervisors

Matthew J. Smith, Mohave County Attorney, Ryan H. Esplin, Deputy Civil County Attorney, Kingman, Attorneys for Kristi Blair, in her official capacity as Mohave County Recorder, and Mohave County Board of Supervisors

Brad Carlyon, Navajo County Attorney, Jason S. Moore, Deputy County Attorney, Holbrook, Attorneys for Michael Sample, in his official capacity as Navajo County Recorder, and Navajo County Board of Supervisors

Laura Winsky Conover, Pima County Attorney, Daniel Jurkowitz, Deputy County Attorney, Tucson, Attorneys for Gabriella Cázares-Kelly, in her official capacity as Pima County Recorder, and Pima County Board of Supervisors

Kent Volkmer, Pinal County Attorney, Craig Cameron, Scott M. Johnson, Allen Quist, Deputy County Attorneys, Florence, Attorneys for Virginia Ross, in her official capacity as Pinal County Recorder, and Pinal County Board of Supervisors

George E. Silva, Santa Cruz County Attorney, Kimberly J. Hunley, Chief Civil Deputy County Attorney, Nogales, Attorneys for Suzanne "Suzie" Sainz, in her official capacity as Santa Cruz County Recorder, and Santa Cruz County Board of Supervisors

Sheila Polk, Yavapai County Attorney, Matthew Black, Deputy County Attorney, Prescott, Attorneys for Leslie M. Hoffman, in her official capacity as Yavapai County Recorder, and Yavapai County Board of Supervisors

Jon R. Smith, Yuma County Attorney, William J. Kerekes, Chief Civil Deputy County Attorney, Yuma, Attorneys for Robyn Stallworth Pouquette, in her official capacity as Yuma County Recorder, and Yuma County Board of Supervisors

———————

JUSTICE MONTGOMERY authored the opinion of the Court, in which, VICE CHIEF JUSTICE TIMMER and JUSTICES BOLICK and LOPEZ joined.

———————

JUSTICE MONTGOMERY, opinion of the Court:

¶1        Rasean Clayton filed an application for a temporary and permanent injunction seeking to enjoin Kanye West and his presidential electors from appearing on the general election ballot for president in 2020.

¶2        The trial court granted Clayton's application, and West and his electors appealed to this Court.   Sitting in division, we found that the presidential electors had failed to file the statement of interest required by

A.R.S. § 16-341(I). Consequently, the nomination petition signatures submitted on their behalf were invalid, leaving West unable to qualify for the ballot. We issued a decision order affirming the trial court's ruling and enjoining the Secretary of State ("the Secretary"), county boards of supervisors, and county recorders from placing West and the electors on the ballot for the November 3, 2020, general election and stated an opinion would follow. This is that opinion, which sets forth our reasons.

**I.**

¶3 Kanye West announced his intention to run for President of the United States in July 2020 and sought to qualify for the ballot in Arizona as an independent candidate. West was required to provide the Secretary with a letter designating the names of his vice-presidential running mate and his eleven presidential electors, a statement signed by each consenting to their designation, and a nomination paper on behalf of each elector. § 16-341(J). Additionally, the electors were required to submit nomination petitions containing the requisite number of signatures to qualify for the ballot. A.R.S. § 16-341(C),(E), (F).

¶4 On August 24, paid circulators on behalf of West registered with the Secretary's office and began circulating nomination petitions. On August 31, Clayton, a resident and qualified elector of Arizona, filed a complaint for declaratory and injunctive relief to prevent West and his electors from appearing on the ballot. Clayton alleged two major deficiencies with West's effort. First, as registered Republicans, neither West nor ten of his eleven electors could meet the requirements of § 16-341(A) to appear on the ballot. Second, none of the electors had filed the statement of interest required by § 16-341(I) before the circulation of nomination petitions, rendering all signatures collected invalid and subject to challenge.

¶5 On September 2, West submitted his initial filing to the Secretary, which included the letter designating his vice-presidential candidate and eleven electors along with their signatures consenting to the designation and their respective nomination papers. West also submitted nomination petitions with 57,892 signatures for the electors and provided notice that an additional 90,000 signatures would be filed by the September 4 deadline, far more than the requisite 39,039 signatures.

**¶6**     The superior court heard argument on Clayton's application for temporary and permanent injunctive relief on September 3.   The court considered the likelihood of Clayton succeeding on the merits, the possibility of irreparable injury if the court did not grant the injunction, the balance of hardships, and whether public policy favored the requested relief.

**¶7**     With respect to the merits, the court focused on the fact that § 16-341(A) is limited to "[a]ny qualified elector who *is not a registered member of a political party that is recognized pursuant to this title . . . .*" (Emphasis added).   Because West was a registered member of the Republican Party in Wyoming, the court concluded he was therefore a registered member of a recognized political party and thereby prohibited from qualifying for the ballot as an independent candidate under § 16-341. Accordingly, the court found Clayton had "a significant probability of success on the merits."   The court also noted, without elaboration, that "[t]he status of his presidential electors, too, is problematic."

**¶8**     The court further found that Clayton had demonstrated the possibility of irreparable injury given the pending ballot printing deadline and the risk of a disqualified candidate appearing on the ballot.   While finding public policy "cut both ways," the court ultimately concluded that the balance of hardships favored Clayton and entered an order enjoining the Secretary and county boards of supervisors from placing West and his electors on the ballot for the general election.   Additionally, the court enjoined the Secretary from accepting nomination petitions for West's presidential electors that were "not preceded by statements of interest from those electors."

**¶9**     West appealed directly to this Court.   We have jurisdiction pursuant to article 6, section 5(6) of the Arizona Constitution and A.R.S. § 16-351(A).

## II.

**¶10**     "We review a trial court's grant of an injunction for an abuse of discretion," *Cheatham v. DiCiccio*, 240 Ariz. 314, 317–18 ¶ 8 (2016), and we review issues of statutory interpretation de novo, *State v. Christian*, 205 Ariz. 64, 66 ¶ 6 (2003).

5

**A.**

¶11    We affirmed the trial court because the electors failed to qualify for the ballot and not because § 16-341(A) precluded West's candidacy. *Planned Parenthood Ariz., Inc. v. Am. Ass'n of Pro-Life Obstetricians & Gynecologists*, 227 Ariz. 262, 270 ¶ 16 (App. 2011) ("[W]e are obliged to affirm the trial court's ruling if the result was legally correct for any reason." (quoting *Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 191, 193 (App. 1992))).    Section 16-341(A) provides that "[a]ny qualified elector who is not a registered member of a political party that is recognized pursuant to this title may be nominated as a candidate for public office otherwise than by primary election or by party committee pursuant to this section."   This provision applies to independent presidential candidates only if they are considered as "candidate[s] for public office" under this provision.

¶12    We interpret "candidate for public office" in context. *See State of the Netherlands v. MD Helicopters, Inc.*, 250 Ariz. 235, 238 ¶ 8 (2020). Section 16-341(A) is directed to "any qualified elector" who, in turn, is "[a] person who is qualified to register to vote pursuant to § 16-101 and who is properly registered to vote . . . ."   A.R.S. § 16-121(A).   To register to vote, a person must be a resident of Arizona. A.R.S. § 16-101(A).   Thus, § 16-341(A) applies only to Arizona registered voters.   But our statutes do not reflect an intent to limit qualifying for the ballot as an independent presidential candidate to just Arizona residents.    Adopting that interpretation would have the absurd result of precluding an independent presidential candidate from an Arizona ballot who qualified to appear on the ballot in other states. *See France v. Indust. Comm'n of Ariz.*, ___ Ariz. ___, ___ ¶ 13, 481 P.3d 1162, 1165 (2021) ("[We] avoid construing a statute in a manner that leads to an absurd result.").   Instead, in the case of nominating an independent candidate for president, we interpret the "public office" referenced in § 16-341(A) to be the office of presidential elector, which avoids this absurdity and renders the provision inapplicable to West.

¶13    The process by which a candidate for president is chosen manifests this interpretation.   Although voters mark their ballot for the presidential candidate of their choice, that actually serves "as a vote for each elector in the bracketed list next to the presidential and vice-presidential

candidates." A.R.S. § 16-507(B).[1] Thus, § 16-341(A) necessarily applies to the elector and not the candidate himself in the context of an independent candidacy for president.

**B.**

**¶14** Although § 16-341(A) presents no obstacle to West's efforts to qualify for the ballot, the same cannot be said for § 16-341(I), which disqualified his electors. Section 16-341(I) requires candidates for office pursuant to § 16-341, such as presidential electors as discussed above, to file statements of interest that contains their names; their political party, if any; and the names of the office they seek "[n]ot later than the date of the first petition signature on a nomination petition." Further, "any nomination petition signatures collected *before* the date the statement of interest is filed are invalid and subject to challenge." *Id.* (Emphasis added).

**¶15** Nothing in the record established that any of the electors ever filed a statement of interest. The signatures filed on September 2 were therefore invalid. § 16-341(I). Absent the number of required signatures, West's electors failed to timely file nomination petitions to qualify for the ballot. § 16-341(K). Thus, West did not present the Secretary with the requisite number of qualified electors for placement on the ballot. § 16-341(J).

**C.**

**¶16** West nonetheless argued that the exemption created by § 16-341(I)(3), which provides that the statement of interest requirement does not apply to "[c]andidates for president or vice president of the United States," must also apply to his presidential electors. According to West, the exemption has no "force" if it applies to candidates and not their electors because it is the electors who collect signatures and who will appear on the ballot. We are unpersuaded by West's proffered interpretation.

**¶17** "When the text is clear and unambiguous, we apply the plain meaning and our inquiry ends." *Butler L. Firm, PLC v. Higgins*, 243 Ariz.

---

[1] Electors then cast their electoral college votes for the candidate for president and the candidate for vice president who jointly received the highest number of votes. A.R.S. § 16-212(B); U.S. Const. amend. XII (prescribing process by which electors cast votes for president and vice-president).

456, 459 ¶ 7 (2018) (quoting *State v. Burbey*, 243 Ariz. 145, 147 ¶ 7 (2017)). The exemptions from § 16-341(I)'s requirement to file a statement of interest are explicitly limited to candidates for elected office for special taxing districts established pursuant to specified chapters of Title 48, candidates for precinct committeeman, and, as mentioned, candidates for president or vice president. § 16-341(I)(1)–(3). The same statement of interest filing requirement, and its exceptions, apply equally to candidates for public office seeking nomination in a partisan primary or nonpartisan election and candidates for president or vice president of the United States. § 16-311(H). Presidential electors are not exempt from filing the statement of interest as required by § 16-341(I).

## III.

**¶18** Given the dispositive effect of West's electors' failure to qualify for the ballot, we do not address his other arguments regarding the process for challenging nomination petitions, naming indispensable parties, and the application of laches to plaintiffs. We affirm the trial court's order.