IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOSEPH SCHOOLEY, *Plaintiff/Appellant*,

*v.*

ARTURO PENA, *Defendant/Appellee*.

FARMERS INSURANCE EXCHANGE, *Garnishee/Appellee*.

No. 1 CA-CV 21-0216
FILED 5-17-2022

Appeal from the Superior Court in Maricopa County
No.  CV 2019-011929
The Honorable David W. Garbarino, Judge

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office PC, Phoenix
By David L. Abney
*Co-Counsel for Plaintiff/Appellant*

Phillips Law Group, Phoenix
By Sophia J. Augeri, Timothy G. Tonkin
*Co-Counsel for Plaintiff/Appellant*

Law Office of Broening Oberg Woods & Wilson, Phoenix
By Alicyn Freeman, Kelly Jancaitis
*Co-Counsel for Garnishee/Appellee*

Lewis Roca Rothgerber Christie LLP, Phoenix
By Lawrence A. Kasten, Steven J. Hulsman
*Co-Counsel for Garnishee/Appellee*

## OPINION

Judge Michael J. Brown delivered the opinion of the Court, in which Presiding Judge Randall M. Howe and Judge Brian Y. Furuya joined.

**B R O W N**, Judge:

**¶1**        Joseph Schooley appeals the superior court's order setting aside a default judgment entered against Farmers Insurance Exchange ("Farmers") in a garnishment proceeding.  He argues the court abused its discretion, asserting Farmers failed to show excusable neglect.  Because Schooley failed to provide notice of his request for default judgment to Farmers' attorney as required by Arizona Rule of Civil Procedure ("Rule") 55(a), we affirm.

## BACKGROUND

**¶2**        Schooley sued Arturo Pena for personal injuries, alleging negligence and negligent infliction of emotional distress arising from Pena's discharge of a firearm while driving a car.  At the time of the shooting, Pena ostensibly had $500,000 in liability coverage under a Farmers homeowner insurance policy belonging to his father.  Schooley's attorney, Sophia Augeri, submitted a claim to Farmers seeking coverage under the policy.  Farmers referred the claim to outside counsel, Alicyn Freeman, who denied the claim on Farmers' behalf.

**¶3**        Pena failed to defend the action, and Schooley obtained a default judgment against him of $525,000.  Augeri then contacted Freeman, again seeking coverage under the policy.  After Freeman denied coverage a second time, Augeri threatened to file a bad faith claim and asserted Farmers would have to tender reimbursement in any event "when a writ of garnishment is served."

**¶4**        After Schooley obtained the writ, he served it and supplemental materials (collectively "garnishment packet") on the Arizona Department of Insurance, given that Farmers is a foreign insurer.  *See* A.R.S. §§ 20-102(1), 20-221(B).  The garnishment packet listed Pena as the debtor, but did not include the name of the policy holder (Pena's father) or the policy number, mention the coverage dispute, or identify Freeman as

counsel. It is undisputed that Schooley did not send the packet to Freeman or her law firm.

¶5        The garnishment packet was forwarded to Farmers, but the intake employee could not find any reference to Pena in Farmers' records. As Farmers later informed the superior court, because garnishment actions involving Farmers are typically filed by creditors seeking to garnish funds owed by Farmers' employees or agents, the packet was internally misdirected and never reached Farmers' legal department.

¶6        Schooley filed a petition for an order to show cause under A.R.S. § 12-1583 (outlining procedures if garnishee fails to answer or appear), alleging Farmers had defaulted by not responding to the garnishment writ within 10 days. The court issued a show-cause order, and Schooley served Farmers with the order through the Arizona Department of Insurance. Again, Schooley did not notify Freeman. As before, the show-cause order was misdirected within Farmers' various accounting divisions.

¶7        Schooley filed two briefs with the superior court supporting the default judgment, but did not serve either of them on Farmers or Freeman. Farmers did not attend the show-cause hearing, where the court entered a default judgment against Farmers for approximately $530,000.

¶8        Two weeks later, Farmers moved to set aside the default judgment. Farmers asserted in part that relief was warranted because (1) Schooley did not abide by Rule 55's requirement that notice be provided to Freeman, who was known to Schooley as Farmers' attorney regarding the Pena claim; and (2) Farmers' failure to respond constituted excusable neglect under Rule 60(b)(1). Although finding the evidence "thin," the court granted relief and set aside the judgment under Rule 60(b)(1). The court declined to rule on whether Rule 55 applied, doubting whether it was strictly applicable, but noting nonetheless that it informed how Schooley should have proceeded. Schooley timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

¶9        We review a court's decision on a motion to set aside a default judgment for an abuse of discretion. *MacLean v. Newgioco Group, Inc.*, 251 Ariz. 31, 33, ¶ 8 (App. 2021). We review de novo the interpretation of statutes and rules, *In re $11,660.00 U.S. Currency*, 251 Ariz. 106, 108, ¶ 8 (App. 2021), but view the facts in the light most favorable to upholding the court's decision, *MacLean*, 251 Ariz. at 33, ¶ 8. We interpret the language of a rule in view of the entire text, considering the context and related

provisions. *See Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019); *State v. Hansen*, 215 Ariz. 287, 289, ¶ 7 (2007) (courts apply the same principles in interpreting statutes and rules). If the text is unambiguous, we apply it as written without using other methods of statutory interpretation. *State v. Jurden*, 239 Ariz. 526, 530, ¶ 15 (2016).

## A.    Application of Rule 55

**¶10**        Farmers urges us to affirm on the grounds that Schooley failed to provide proper notice of the garnishment proceeding under Rule 55. Although the superior court declined to rule on this issue, in reviewing a judgment we will affirm the court's ruling "if the result was legally correct for any reason." *Gen. Elec. Capital Corp. v. Osterkamp*, 172 Ariz. 191, 193 (App. 1992). Stated differently, "if the judgment can be sustained on any theory framed by the pleadings and supported by the evidence, we must affirm it." *Id.*

**¶11**        Rule 55 outlines the procedure in a typical civil case for obtaining a default judgment. Generally, when a plaintiff seeks a default judgment against a defendant who has not yet filed an answer or otherwise defended against the action, the plaintiff submits an "application for default." Ariz. R. Civ. P. 55(a)(1), (2). The application must, among other things, identify "any attorney known to represent the party claimed to be in default in the action in which default is sought or *in a related matter*." Ariz. R. Civ. P. 55(a)(2)(D) (emphasis added). Additionally, the party seeking the entry of default must mail a copy of the application to the known attorney, "whether or not that attorney has formally appeared in the action." Ariz. R. Civ. P. 55(a)(3)(B). If the defendant fails to respond within 10 days, the party is deemed to have defaulted, and the plaintiff may request a default judgment as outlined under Rule 55(b). *See* Ariz. R. Civ. P. 55(a)(4),(5), and (b). But if the plaintiff fails to notify known counsel of the application for default, it would be improper to enter a default judgment. *See MacLean*, 251 Ariz. at 34, ¶ 13 n.3 (suggesting that a Rule 60(b) motion cannot be denied if counsel was not notified as required under Rule 55).

**¶12**        A garnishment proceeding, however, is governed by specific statutory procedures not generally applicable in other civil actions. The circumstances in which a garnishor can obtain a default judgment against a garnishee are outlined in § 12-1583, which states:

> If a garnishee fails to answer within the time specified in the
> writ, the judgment creditor for whom the writ has been issued

may petition the court for the issuance of an order requiring the garnishee to appear before the court at a time and place specified in the order to answer the writ or to file and serve a copy of the answer on the judgment creditor for whom the writ has been issued, or on his attorney if the party is represented by counsel, at least five days before the appearance date. *If the garnishee fails to appear or file and serve the answer after the service of the order requiring the appearance in person or answer upon the garnishee, the court may, after judgment has been rendered against the judgment debtor, render judgment by default against the garnishee for the full amount of the judgment against the judgment debtor.*

(Emphasis added.) Section 12-1583 does not address whether civil procedure rules are also applicable to the default proceeding. Nonetheless, this court has held that *Rule 55(b)* applies when a party seeks a default judgment under § 12-1583 against a garnishee that has already appeared. *Groat v. Equity Am. Ins. Co.*, 180 Ariz. 342, 348 (App. 1994). Relying on *Groat*, Farmers argues that *Rule 55(a)* applies when the garnishee has not yet appeared or defended, and the garnishor is thus required to notify known counsel of an application for default.

¶13 Schooley concedes that he did not notify Freeman of the garnishment proceedings. He argues nonetheless that Freeman did not represent Farmers in a "related matter," and was therefore not entitled to notice under Rule 55(a)(3)(B). Schooley notes that Freeman, on behalf of Farmers, declined to provide for Pena's representation in the underlying negligence case. He then suggests that because Freeman never stated she would represent Farmers in future proceedings, like the garnishment action, such proceedings are not related matters under the rule. Schooley construes the term "related matter" too narrowly. It is undisputed that Freeman represented Farmers in settlement negotiations with Schooley regarding his coverage claim, which is the sole basis for the garnishment proceedings and the default judgment against Farmers. The only reasonable construction of Rule 55(a)(3)(B) is that Freeman represented Farmers in a "related matter."

¶14 Notwithstanding our holding in *Groat*, Schooley argues Rule 55(a) does not apply, asserting the statutory process for obtaining a default judgment in garnishment proceedings "is not the same as the default judgment procedure outlined in [Rule 55]." We therefore consider whether Rule 55(a), including the provision on attorney notification, applies to § 12-

5

1583 garnishment proceedings when the garnishee has failed to plead or otherwise defend.

¶15        Garnishment is a stand-alone action that is civil in nature, and therefore generally subject to the Arizona Rules of Civil Procedure. *See Davis v. Chilson*, 48 Ariz. 366, 371 (1936); *see also* Ariz. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the superior court of Arizona."). For this reason, in *Groat* we held that in garnishment proceedings, "as in any other civil case, the garnishee must be given notice of the application for default judgment as required by Rule 55(b)(2)." 180 Ariz. at 348. That holding is consistent with A.R.S. § 12-111, which states that "[a]ll statutes relating to pleading, practice and procedure shall be deemed rules of the court and shall remain in effect as such until modified or suspended by rules promulgated by the supreme court."

¶16        Schooley contends that § 12-1583 creates a different procedure for obtaining default judgment than what is typically required under Rule 55. According to Schooley, that statute "does not deal with an application for default but [instead] deals with a petition for issuance of an order requiring the garnishee to appear and serve an answer, with a possible penalty for noncompliance being the entry of a default judgment." Under Schooley's interpretation, once Farmers failed to respond to the show-cause order by either appearing or filing an answer, he was permitted to proceed directly to the default judgment stage without first submitting an application for default. Schooley made a similar argument in the superior court, asserting that an application for default is simply not a part of the garnishment proceedings. To support his interpretation, Schooley notes that § 12-1583 makes no explicit reference to Rule 55, an application for default, or notice to a known party representing the garnishee. Thus, Schooley concludes, the requirements of Rule 55(a) do not apply.

¶17        Schooley's analysis fails to recognize that procedural rules and statutes must be read together and harmonized whenever possible. *See Groat*, 180 Ariz. at 348. Logically, a court cannot enter a default judgment against a party without first finding that the party has actually defaulted. Thus, despite any specific reference in § 12-1583, the court must first conclude that the garnishee is in default before it enters a default judgment. To obtain entry of default against a party that has not yet defended, Rule 55(a)(1) and (3)(B) require a plaintiff to submit an application for default and to serve notice of that application on any known attorney. Because "garnishment is a creature of statute, garnishment proceedings are necessarily governed by the terms of those statutes." *Andrew Brown Co. v. Painters Warehouse, Inc.*, 11 Ariz. App. 571, 572 (1970). But the rules of civil

procedure still apply when they do not affect "the purpose and efficacy of a garnishment proceeding" or "take away from the legislative [r]emedy of garnishment in any particular." *See Gonzales v. Whitney,* 90 Ariz. 324, 329 (1961). Requiring Schooley to follow the procedures of Rule 55(a), including the attorney notice provision, would not diminish the garnishment proceeding or its remedy. *See Davis*, 48 Ariz. at 371 (requiring a copy of the judgment in a garnishment action to be served on the opposing party in a manner consistent with the Arizona Rules of Civil Procedure, even though this procedure was not explicitly required by the garnishment statute itself).

**¶18** Moreover, holding the garnishor responsible for providing notice of an impending default to the known attorney of the garnishee would only further the objectives of § 12-1583 and Rule 55(a). The purpose of § 12-1583 is, in part, to provide the garnishee with a second chance at defending against the garnishment before default is imposed. *See Groat*, 180 Ariz. at 348. Rule 55(a) serves the same goal, and its notice requirements ensure that the party in default knows of this opportunity. *Ruiz v. Lopez*, 225 Ariz. 217, 222, ¶ 15 (App. 2010). Stated another way, Rule 55(a) "is designed to 'virtually eliminate [] any claim of lack of notice as a basis for setting aside a default.'" *Champlin v. Bank of Am., N.A.*, 231 Ariz. 265, 267, ¶ 10 (App. 2013) (citation omitted). And more generally, requiring a garnishor to provide Rule 55(a) notice aligns with the principle that civil actions, including garnishment proceedings, be resolved on the merits. *See City of Phoenix v. Collar, Williams & White En'g, Inc.*, 12 Ariz. App. 510, 513 (1970); *see also Gonzalez v. Nguyen*, 243 Ariz. 531, 534, ¶ 11 (2018) (noting that "the 'law favors resolution on the merits'" (citation omitted)).

**¶19** Schooley attempts to distinguish *Groat* on the basis that the specific issues there revolved around the garnishee's stricken answer. He points to *Groat*'s holding, which states that once "a garnishee's answer has been stricken as a discovery sanction and the trial court proceeds to enter a default judgment, the court must comply with the provisions of A.R.S. section 12–1583 and Rule 55(b)." 180 Ariz. at 347. Schooley thus suggests that *Groat* requires compliance only with Rule 55(b), not 55(a), and only under the unique circumstance where an answer has been stricken. In *Groat*, however, we specifically noted that under § 12-1583, "[i]n the ordinary default situation in which the garnishee fails to file an answer, the garnishee would be entitled to notice and an opportunity to answer. This procedure matches the procedure outlined in Rule 55(a) for entry of default in other types of civil cases." 180 Ariz. at 348. The reason Rule 55(a) was inapplicable to the specific circumstances in *Groat* was not that it involved

a garnishment action, but because the case involved an answer that had been stricken. *Id.*

**¶20** We therefore hold that Rule 55(a) applies to garnishment proceedings when a garnishor seeks default judgment against a garnishee that has not yet filed an answer or otherwise defended against the action. We do not mean to say that the garnishor must file both a petition for show-cause order under § 12-1583 and an application for default under Rule 55. However, if the petition seeks entry of default as a remedy, the garnishor must serve it on the garnishee's known counsel in order to comply with Rule 55(a)(3)(B). *See Groat*, 180 Ariz. at 348 (noting that the petition for a show-cause order under § 12-1583 serves a similar procedural role as Rule 55(a)). Because Schooley failed to provide notice of the default proceedings to Farmers' counsel as required by Rule 55(a)(3)(B), the court acted within its discretion in setting aside the default judgment.

## B.    Attorneys' Fees and Costs

**¶21** Farmers argues that Schooley brought this appeal without substantial justification, justifying an award of attorneys' fees under A.R.S. § 12-349 and ARCAP 25. We conclude otherwise and therefore decline to award fees under those provisions. Alternatively, Farmers requests fees under A.R.S. §§ 12-341.01 and 12-1580. Because Farmers did not request fees under these statutes before the superior court, reliance on them appears to have been waived. *See Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007) ("[A]rguments raised for the first time on appeal are untimely and deemed waived.").

**¶22** In any event, we decline to award Farmers attorneys' fees under either statute. Section 12-341.01, which grants attorneys' fees to the successful party in cases arising out of contract, is not applicable here because garnishment proceedings, grounded in statute, are treated as independent causes of action. *Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 207–08, ¶ 13 (App. 2014) (noting that § 12-341.01 does not apply to purely statutory causes of action) (quotation and citation omitted). Section 12-1580(E) provides for a discretionary fee award to the prevailing party in a garnishment proceeding. In our discretion, we deny Farmers' request. As the successful party on appeal, Farmers is entitled to taxable costs upon compliance with ARCAP 21.

## CONCLUSION

**¶23**     We affirm the superior court's order setting aside default judgment.



AMY M. WOOD • Clerk of the Court
FILED:    AA