NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

DANNY L. WILLIAMS, as Trustee of the DANNY L. WILLIAMS
REVOCABLE TRUST ESTABLISHED DECEMBER 5, 2012,
*Plaintiff/Appellant*,

*v.*

ARIZONA PUBLIC SERVICE COMPANY, an Arizona corporation,
*Defendant/Appellee*.

No. 1 CA-CV 24-0100

---

FILED 11-07-2024

---

Appeal from the Superior Court in Yavapai County
No. V1300CV202180324
The Honorable Linda Wallace, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Rmorales Law PLLC, Carefree
By Raandi L. Morales
*Counsel for Plaintiff/Appellant*

Gaona Law Firm, Phoenix
By David F. Gaona
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Vice Chief Judge Randall M. Howe joined.

---

**P E R K I N S,** Judge:

¶1　　　　Danny L. Williams challenges the superior court's ruling denying his motion for relief from judgment under Arizona Rule of Civil Procedure 60. For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2　　　　Arizona Public Service Company ("APS") owns and operates distribution power lines that border part of Williams' property. In May 2020, a fire damaged Williams' property. In October 2021, Williams sued APS, alleging that APS's failure to properly maintain its power lines caused the fire and related damage.

¶3　　　　On August 23, 2023, the parties electronically filed five documents: APS filed three, Williams filed one, and Moch (a defendant below who is not a party to this appeal) filed one. APS moved for summary judgment, filed a supporting statement of facts, and responded to one of Williams' pending motions. In that response, APS explained it had filed the motion for summary judgment "contemporaneous with" the response. Williams filed a reply related to his motion to reset scheduling deadlines.

¶4　　　　Williams did not respond to APS's motion for summary judgment, so the superior court granted summary judgment for APS. Williams then moved for relief from judgment under Rule 60. In a declaration attached to the Rule 60 motion, Williams' counsel admitted she "missed" APS's summary judgment motion. Counsel "recall[ed] looking at the Turbo Court emails," but stated she did not open the email alerting her to APS's filing because she thought it was merely confirming a filing she had just made.

¶5　　　　APS opposed Williams' motion, arguing that relief under Rule 60 was improper because Williams failed to act with due diligence. Williams replied, noting that his counsel is a sole practitioner who "choose[s] to handle very few matters," and whose firm "only has about

five (5) active litigation matters at this time." The reply also detailed Williams' counsel's "standard process" in her practice, which included: checking her "twenty (20) or so" incoming emails every day; filing emails and paper pleadings into appropriate folders; returning phone calls; calendaring critical dates; and filing pleadings through Turbo Court.

¶6        The superior court denied Williams' request for relief from judgment. Williams timely appealed and we have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7        Williams argues the superior court erred by failing to hold a hearing and then denying his Rule 60 motion. "Subject to Rule 56(c)(1), the court may decide motions without oral argument, even if oral argument is requested." Ariz. R. Civ. P. 7.1(d). The superior court acted within its discretion to rule on the motion without hearing additional argument from the parties. *Cristall v. Cristall*, 225 Ariz. 591, 597, ¶ 29 (App. 2010) ("[T]he trial court has discretion to . . . deny a request for oral argument.").

¶8        As to the motion itself, we review the superior court's decision to deny relief under Rule 60(b) for an abuse of discretion. *Aloia v. Gore*, 252 Ariz. 548, 551, ¶ 11 (App. 2022). A party seeking relief under Rule 60(b)(1) must establish (1) mistake, inadvertence, surprise, or excusable neglect; (2) that it promptly sought relief; and (3) that it had a meritorious claim. *Maher v. Urman*, 211 Ariz. 543, 550, ¶ 21 (App. 2005) (analyzing Rule 60(c), now renumbered at Rule 60(b)).

¶9        Rule 60(b)(1) permits courts to relieve a party from judgment upon a showing of mistake, inadvertence, surprise, or excusable neglect. Ariz. R. Civ. P. 60(b)(1). A party's conduct is excusable if a reasonably prudent person might have made the same mistake under the same circumstances. *Maher*, 211 Ariz. at 550, ¶ 22. But a party's mere neglect or forgetfulness does not entitle him to relief, *Aloia*, 252 Ariz. at 552, ¶ 15, and "diligence is the final arbiter of whether mistake or neglect is excusable," *City of Phoenix v. Geyler*, 144 Ariz. 323, 332 (1985). "Carelessness does not equate with excusable neglect." *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993).

¶10        Williams' counsel explains that a "flurry of electronic filing activity" caused her to mistake the email notifying her of APS's summary judgment motion for confirmation of her own filing. Even accepting counsel's explanation, her mistake is unreasonable. *Aloia*, 252 Ariz. at 552, ¶ 15 (a party seeking Rule 60(b)(1) relief must provide "a reasonable

excuse" for her neglect). APS notes, and Williams does not dispute, that the confirmatory email an attorney receives after filing a document is "wholly different" from the email an attorney receives when opposing counsel files a document in the case. Williams' counsel's failure to open the Turbo Court email was careless, not diligent.

¶11            Williams contends that "a reasonably prudent lawyer could be diligent yet miss an e-filed pleading on a day when 5 (five) such pleadings in the same case were flying back and forth." We disagree. A reasonably prudent solo practitioner handling five cases and receiving just "twenty (20) or so" emails per day would open and read her emails. *See* Ariz. R. Civ. P. 5.3(b) ("Each attorney of record is responsible for keeping advised of the status of, and the deadlines in, pending actions in which that attorney has appeared."). She would also read filings by opposing counsel in her pending cases. *Id.* On the same day APS moved for summary judgment, it also responded to one of Williams' motions and explicitly referenced its summary judgment motion. Williams' counsel thus had two opportunities to learn of APS's summary judgment motion. There is no reasonable excuse for counsel's failure to (1) open the Turbo Court email notifying her about the motion and (2) thoroughly read the contents of APS's other filing.

¶12            Finally, in arguing his counsel's error was "excusable neglect," Williams relies on our decision in *Ulibarri*. In *Ulibarri*, the plaintiff failed to timely respond to defense counsel's motion for summary judgment. 178 Ariz. at 154. This Court found the plaintiff's counsel's conduct was excusable neglect because he did not receive a copy of the summary judgment motion until the response deadline had passed and he acted reasonably under the circumstances given his lack of notice. *Id.* at 163–64. Williams also cites to *Geyler*, in which our supreme court found a mistake resulting in counsel's untimely post-trial motion "was the type of clerical error which might be made by a reasonably prudent person who attempted to handle the matter in a prompt and diligent fashion." 144 Ariz. at 332.

¶13            Neither case helps Williams. It is undisputed that Williams' counsel received APS's electronic filing on August 23, 2023. Unlike the attorney in *Ulibarri*, Williams' counsel had notice of the pending summary judgment motion well before the response deadline and simply failed to respond. *Geyler* is similarly inapplicable because Williams' counsel's failure to open her emails or read opposing counsel's filings was not a clerical error—it was neglect.

**¶14**     Because Williams failed to show excusable neglect under Rule 60(b)(1), we need not determine whether he promptly sought relief or had a meritorious claim against APS. *See Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 191, 194 (App. 1992) (declining to address whether the defendant "met the other two requirements of meritorious defense and prompt application for relief" when she did not show excusable neglect).

## CONCLUSION

**¶15**     The superior court did not abuse its discretion in denying Williams relief. We affirm.

