NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

YOLANDA NUNEZ TIRADO nka YOLANDA NUNEZ,
*Petitioner/Appellee*,

*v.*

GUADALUPE E. TIRADO,
*Respondent/Appellant*.

No. 1 CA-CV 24-0565 FC

FILED 05-01-2025

Appeal from the Superior Court in Yuma County
No. S1400DO201601107
The Honorable Eliza Johnson, Judge

**AFFIRMED**

COUNSEL

S. Alan Cook, Attorney at Law, Phoenix
By S. Alan Cook
*Counsel for Petitioner/Appellee*

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Counsel for Respondent/Appellant*

Jesus R. Romo Vejar, P.C., Tucson
By Jesus R. Romo Vejar
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1 Guadalupe E. Tirado ("Husband") appeals the superior court's order granting Yolanda Nunez's ("Wife") motion to alter or amend. For reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In 2016, Wife petitioned for divorce after thirty-three years of marriage. That same month, Husband signed an acceptance of service before a notary public acknowledging, among other things, Wife provided him with a copy of the divorce petition and related documents, and that if he failed to file a written response within twenty days the court could issue a default judgment. When Husband failed to file a written response, Wife filed an application and affidavit for default. In her affidavit, Wife avowed she would mail the application for default to Husband that same day.

¶3 The superior court held a default hearing in late 2016. Wife appeared, but Husband did not. After Wife's testimony, the court issued a default divorce decree awarding Wife the marital home as her sole and separate property. Despite the award, Husband continued to live in the marital home and continued to pay the mortgage payments. In the years that followed, Husband and Wife each remarried.

¶4 In 2022, Wife filed an eviction complaint and delivered to Husband a 30-day notice to vacate the marital home. In response, Husband moved the superior court to vacate the default divorce decree issued in 2016 claiming he signed the acceptance of service while "under the influence of [prescribed] Oxycodone and other medications . . . which prevented him from knowing and understanding what he was doing and signing." Husband had been involved in a serious automobile accident in 2016, sustained life-threatening injuries, and maintained that Wife committed fraud on the court by filing the acceptance of service because she knew of Husband's condition, as well as "his lack of any competent English language skills." Husband further argued Wife never served him a copy of

the application and affidavit for default, or the resulting default divorce decree, and committed fraud by stating she had.

**¶5**         In early 2023, Wife petitioned the superior court to enforce the divorce decree as it pertained to the division of property and Wife's award of the marital home. In late 2023, over three separate days, the superior court held an evidentiary hearing to address Husband and Wife's competing requests. At that hearing, Wife testified she mailed a copy of the application and affidavit for default to Husband in 2016, along with a notice of the default hearing. But the court found Wife's 2023 testimony less than credible because Wife apparently hand delivered nearly all divorce related documents to Husband but opted to only mail the documents in question. Consequently, the court concluded Wife's 2016 testimony (before a different judicial officer) similarly lacked credibility and vacated the 2016 default divorce decree.

**¶6**         Wife then moved the superior court to alter or amend its ruling, arguing Husband engaged in an impermissible horizontal appeal, had unfairly received a "second trial" when he never appealed the default divorce decree, and that Husband should not have been allowed to present in 2023 "evidence in existence at the time of the original default hearing [in 2016]." Husband did not timely respond or object to Wife's motion.

**¶7**         The superior court reversed itself, granting Wife's petition to enforce the division of property and denying Husband's motion to vacate the default decree. In doing so, the court explained it erred in reconsidering the credibility of Wife's 2016 testimony before a different judicial officer. The court stated it placed an "undue burden on [Wife] by expecting that she would hand deliver documents when the rules do not require her to do so," but instead only required her to mail the documents. Finally, the court acknowledged Husband "knew he was divorced which is evidenced by his own remarriage," had signed an acceptance of service of various divorce documents and was obligated to take action to defend himself in the dissolution proceedings if he wished to but had not.

**¶8**         Husband timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

### DISCUSSION

**¶9**         We review for an abuse of discretion the superior court's grant or denial of a motion to alter or amend. *Stock v. Stock*, 250 Ariz. 352, 354, ¶ 5 (App. 2020). We accept the court's factual findings unless clearly

3

erroneous, but review conclusions of law and interpretation of rules and statutes *de novo*. *Gish v. Greyson*, 253 Ariz. 437, 444, ¶ 31 (App. 2022).

**¶10** The superior court may, on its own or on the motion of a party, alter or amend some or all its rulings if there exists at least one of eight enumerated grounds for doing so. Ariz. R. Fam. Law P. 83(a)(1). Here, the court gave three bases for granting Wife's motion: (1) an irregularity in the proceedings or abuse of discretion depriving the party of a fair trial; (2) error in the admission or rejection of evidence, or other errors of law at the trial or during the action; and (3) the decision, findings of fact, or judgment was not supported by the evidence or was contrary to law. We will affirm the superior court's ruling if the result was legally correct for any reason. *Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 191, 193 (App. 1992).

**¶11** Husband first contends there was "no identifiable irregularity in the proceedings" nor any abuse of discretion. But Husband provides no references to the record nor a developed legal argument to support his position. *See* ARCAP 13(a)(7)(a); *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022).

**¶12** Husband next argues the superior court properly reconsidered the credibility of Wife's testimony in 2016 to determine whether Wife committed fraud on the court. Specifically, he argues the court could make its own credibility determinations of 2016 testimony because "any evidence that impeaches 'a witness's credibility is always relevant.'" He further asserts that "nothing the trial court decided in [its order] was contrary to law."

**¶13** The superior court based its 2023 initial finding of fraud, in part, on an improper reading of the Arizona Rules of Family Law Procedure. Because Wife had hand-delivered some pleadings and related documents to Husband in 2016, the court concluded Wife was not credible when she stated she mailed the application for default and notice of the default hearing to him in 2016. The Rules allow for the party requesting default to mail a copy of the application for default, a notice of the default hearing, and the default judgment to the other party's last known address. *See* Ariz. R. Fam. Law P. 44(a)(3)(A), (C) (application for default), 44.2(b) (notice of default hearing), 44.2(f) (default judgment). The Rules further provide that even if Wife failed to mail the resulting default decree, its validity remains intact, and the parties are still responsible for any obligations set forth therein. Ariz. R. Fam. Law P. 44.2(f) ("Failure to comply with this rule does not affect the validity of the decree or judgment entered

or the time to appeal, nor does it relieve a party from any obligations set forth in the decree or judgment.").

**¶14** Wife testified she mailed the application for default and notice of default hearing to Husband. And though Husband maintained he never received them; the superior court made an inferred credibility determination in Wife's favor after acknowledging its own error in initially maintaining that Wife was obligated to hand deliver the same. The court was within its discretion to do so. On this record, Husband has shown no error.

**¶15** Because we affirm the superior court for reasons discussed, *supra* ¶¶ 13–14, we need not address the superior court's alternative basis for granting Mother's motion to alter or amend based upon its conclusion that Husband sought a horizontal appeal. *See Gen. Elec. Cap. Corp.*, 172 Ariz. at 193.

**¶16** Wife requests attorneys' fees under A.R.S. §§ 25-324, 12-349 and -350. After considering the relevant factors set forth in those statutes, in our discretion, we deny her request. Because she is the successful party on appeal, Wife is entitled to recover taxable costs upon compliance with ARCAP 21. *See* A.R.S. § 12-342(A).

## CONCLUSION

**¶17** We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR